635 So.2d 1021 (1994)
Candy W. SHIVELEY, Appellant,
v.
David Lee SHIVELEY, Appellee.
No. 93-45.
District Court of Appeal of Florida, First District.
April 22, 1994.
*1022 Louis K. Rosenbloum and David H. Levin, Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellant.
Gregory D. Smith, Gregory D. Smith, P.A., Pensacola, for appellee.
DAVIS, Judge.
Appellant, Candy Shiveley, seeks reversal of a final judgment of dissolution of marriage on four grounds. Mrs. Shiveley asserts that the trial court erred in denying both permanent and rehabilitative alimony; in imputing income to her for purposes of the child support calculation, based upon a historical pattern of gift giving by Mrs. Shiveley's parents; in requiring Mrs. Shiveley, the custodial parent, to purchase life insurance to secure her share of the child support; and in allowing Dr. Shiveley to elect to receive a credit against lump sum alimony in the amount of his half of the equity in a jointly owned condominium, despite the fact that the calculation of the amount of that equity did not take into account the fact that Mrs. Shiveley's parents were foreclosing on their mortgage on the property.
First, Dr. Shiveley has conceded on appeal that the trial court erred in ordering his former wife to obtain life insurance to secure her child support obligations even though she is the custodial parent. Accordingly, we reverse on that ground.
We are also required to reverse the decision of the trial court to impute income to Mrs. Shiveley based upon past gifts from her parents, for the purposes of calculating child support. Dr. Shiveley urges this Court to affirm this decision because of the extraordinary nature of the gift giving by Mrs. Shiveley's parents. By one calculation, David Shiveley's parents-in-law gave him and his wife over $90,000 in approximately six years. However, the amount of past gifts is irrelevant. Gifts which have not yet been received are purely speculative in nature, mere expectancies, and as such are not properly included in the calculation of income for purposes of determining the need for, or the ability to provide, support. See Shapiro v. Shapiro, 452 So.2d 81 (Fla. 1st DCA 1984) (holding that money which was already transferred into husband's name under the understanding that he would use it for the mother's support was still a mere "expectancy" which should not be used in calculating his assets for purposes of alimony; until the death of the mother whom he had a moral obligation to use the money to support, the money was not his to dispense freely even though it was *1023 in his name and gift taxes had been paid upon the transfer); McCloskey v. McCloskey, 359 So.2d 494, 496 (Fla. 4th DCA 1978) (trial court erred in including a possible future inheritance when calculating wife's net worth); Traylor v. Traylor, 214 So.2d 15 (Fla. 1st DCA 1968) (lower court erred by including anticipated income to husband from his father's living trust when calculating ability to pay child support). A court may consider income from a gift which has already been received, but the fact that one has been relying on family largess should not be factored into one's income for purposes of determining the need for support. Compare Rosen v. Rosen, 528 So.2d 42 (Fla. 3d DCA), review denied mem., 537 So.2d 569 (Fla. 1988) (trial court may consider income from gift which has already been received) with Bedell v. Bedell, 583 So.2d 1005, 1008 (Fla. 1991) ("[f]or the purpose of demonstrating need in dissolution or modification proceedings, the fact that one of the parties is surviving through the largess of her family is legally irrelevant").
Turning to the trial court's denial of either permanent or rehabilitative alimony, we do not find any clear abuse of discretion. This was a short term marriage of only six years. Mrs. Shiveley earned her real estate sales license during the marriage. It is undisputed that Mrs. Shiveley has no intention of changing careers or obtaining further training or education in her chosen line of work. Mrs. Shiveley urges this court to reverse the denial of both permanent and rehabilitative alimony solely on the basis of the couple's disparity in income. Dr. David Shiveley earns a gross monthly income of over $4700 and, according to her financial affidavit, Candy Shiveley earns a gross monthly income of $583. There was other evidence in the record to support a conclusion that Mrs. Shiveley had a greater earning capacity, including her testimony that she was a "million dollar seller" three years out of four. Although we find no grounds to justify reversal on this point, we are troubled by the fact that it is impossible to tell from this record whether the trial court improperly considered imputed income based upon an expectation of continued gifts from Mrs. Shiveley's parents in determining that the need for either permanent or rehabilitative alimony did not exist.[1] Since the resolution of the previous two issues requires the trial court to reconsider this case, the trial court is requested to be more explicit regarding its reasoning when revisiting this issue upon remand.
The last issue raised by Mrs. Shiveley regards the offset of the lump sum alimony. The court committed no reversible error on this issue. Dr. and Mrs. Shiveley entered into a stipulation on the record regarding the value of the condominium, with full disclosure of the fact that foreclosure proceedings had been instituted. However, because the trial court is invited to clarify its decision on the question of permanent or rehabilitative alimony, we also remand for reconsideration of the issue of the lump sum alimony. All matters relating to alimony are inter-related, and the court should be empowered to revisit the entire support plan if it is asked to clarify or reconsider part of it. See Noah v. Noah, 491 So.2d 1124, 1128 (Fla. 1986); Collinsworth v. Collinsworth, 624 So.2d 287, 291 (Fla. 1st DCA 1993); Hanrahan v. Hanrahan, 618 So.2d 779, 780 (Fla. 1st DCA 1993).
Finally, we provisionally grant appellant's petition for attorney's fees and costs at the appellate level and remand to the trial court to determine the amount of such an award. Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
Accordingly, the final order of dissolution of marriage is REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
ERVIN and MICKLE, JJ., concur.
NOTES
[1] The only explanation by the lower court with regard to the financial assets and responsibilities of Dr. and Mrs. Shiveley is the worksheet on which the parties' respective child support obligations were calculated. That is the document in which the trial court erroneously imputed future gift income to the wife. Therefore, this court cannot discern whether such "income" was also part of the court's reasoning on the question of permanent or rehabilitative alimony.