780 So.2d 1018 (2001)
Lee VORCHEIMER, Appellant,
v.
Stephanie VORCHEIMER, Appellee.
No. 4D00-413.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
Andrew F. Rier of Law Office of Rier & Doherty, Miami, for appellant.
Stephanie Vorcheimer, Plantation, pro se.
PER CURIAM.
Lee Vorcheimer (Husband), timely appeals from a final judgment of dissolution of marriage, equitably distributing marital assets and liabilities and awarding Stephanie Vorcheimer (Wife) child support, periodic alimony and the marital home as lump *1019 sum alimony. We affirm in part and reverse in part.
The parties were married on April 20, 1985. They have three minor children born of the marriage. On July 24, 1998, the Wife filed a petition for dissolution of marriage and temporary relief. The Wife sought primary physical custody of the three minor children, child support, alimony, the marital residence as lump sum alimony or an element of support, and attorney's fees.
A hearing was held on August 18, 1999. Leonard Vorcheimer, the Husband's father, testified that during the course of the marriage, for approximately 12 years, he has been providing the Husband with $1,500 per month to help the parties make ends meet. He indicated that he was continuing to send the money to pay for his eldest grandson's attendance at a special needs private school. He testified that should his grandson no longer need to attend a private school, he would stop making the payments.
The hearing was continued until September 15, 1999. At that hearing, the Husband's father testified that he stopped sending the Husband the monthly $1,500 payment, because his grandson was taken out of private school. He testified that he would not send the payments in the future.
The trial court found that the Husband had a total monthly net income of $5,830. Of that amount: $3,230 was the employment income which the Husband reported and which the Husband does not dispute; $1,100 was additional imputed income based on unreported earnings; and $1,500 was additional imputed income based on monthly support from the Husband's father.
The trial court found that the Wife had zero income. The base guideline child support for three children with a parental income of $5,830 is $2,134. See § 61.30, Fla. Stat. (1997). The trial court awarded the Wife child support in the amount of $1,865.28 per month and permanent periodic alimony in the amount of $750 per month.
The Husband raises various issues on appeal. We agree with the Husband's argument that the trial court erred when it imputed $1,500 to him as income and awarded guideline child support and alimony based on the higher amount. However, we disagree with the Husband's arguments on all other issues on appeal and affirm the trial court's holdings on those issues.
The trial court relied on this Court's decision in Ordini v. Ordini, 701 So.2d 663 (Fla. 4th DCA 1997), when it imputed $1,500 to the Husband as income. This was error.
In Ordini, this Court held that the trial court erred in not taking into account the husband's parents' monthly support payments when determining the husband's income for purposes of calculating child support and alimony. Id. at 664-66. The monthly gifts from the husband's parents began at the inception of the marriage and continued through the trial of the case. Additionally, the husband's mother testified that she would continue to meet her son's needs so long as it was for a proper purpose which would include that his children and ex-wife be "properly cared for." Id.
However in Ordini, this Court also distinguished the case of Shiveley v. Shiveley, 635 So.2d 1021 (Fla. 1st DCA 1994), where there was no evidence of regular periodic payments or testimony that the payments would continue in the future. Id. at 665. In Shiveley, the court concluded that income should not be imputed to the wife from gifts her parents had given the parties over six years finding that what would happen in the future would be "purely speculative." Id. at 1022.
The instant case is distinguishable from Ordini and similar to Shiveley. In Ordini, the husband's mother testified that the monthly support payments would continue in the future, while in this case, the Husband's father testified that he had stopped *1020 making the monthly $1,500 payments and would not make them in the future. Whether support payments would continue in the future is as speculative in this case as it was in Shiveley.
Therefore, the trial court erred when it imputed the $1,500 to the Husband as income for purposes of awarding child support and alimony, absent evidence that the payment would continue in the future. Accordingly, the case is remanded for the trial court to reconsider the award of child support and alimony, subsequent to a recalculation of the Husband's income in accordance with this opinion.
We find no other error in the trial court's findings and therefore affirm the final judgment of dissolution of marriage in all other regards.
Affirmed in part, reversed in part.
WARNER, C.J., GROSS and HAZOURI, JJ., concur.