813 So.2d 173 (2002)
Carolyn M. MEIGHEN, Appellant,
v.
Gary B. MEIGHEN, Appellee.
No. 2D01-214.
District Court of Appeal of Florida, Second District.
March 20, 2002.
*174 Law Office of Allison M. Perry and Ellen E. Ware, P.A., Tampa (withdrew after briefing); Joseph R. Park of Park Ossian and Zdravko, P.A., Clearwater (substituted as counsel of record), for Appellant.
Frederick T. Lowe of Frederick T. Lowe, P.A., Tampa, for Appellee.
KELLY, Judge.
Carolyn Meighen appeals from a final judgment of dissolution of marriage. She challenges the amount of permanent alimony the trial court awarded, the award of lump sum alimony, the trial court's decision to impute income to her but not to her former husband, and the trial court's failure to award her the entire amount of her attorney's fees. We reverse on each point she raises and remand for further proceedings.
The parties were married for twenty years. The husband is a professional real estate salesman. By agreement of the parties, the wife was a stay-at-home mother and homemaker throughout the marriage. The parties had lived with the husband's parents during the last three years of the marriage. They paid no rent or utilities. The husband was still living with his parents at the time of the final hearing, and the wife was living in a home owned by her mother. The parties have two adult children and two minor children, the youngest of which will graduate from high *175 school in 2008. The parties agreed that the wife would have primary residential custody of the minor children.
The trial court determined that the husband's average gross income at the time of the final judgment was $111,441 per year. The husband's financial affidavit showed that he had monthly expenses totaling $1969.75 per month, excluding amounts he paid for temporary support to the wife and children. The wife's financial affidavit showed that her monthly expenses totaled $5672 per month. In the final judgment the trial court ordered the husband to pay $1640 per month in child support and $500 per month in permanent alimony. The court also found that the wife could work forty hours per week earning minimum wage and imputed income of $906 per month to her.
The trial court characterized the award of $500 per month in alimony as being sufficient to "buy the Wife at least five blouses a month, which is in accord with her stated lifestyle." The court apparently concluded that the wife's other needs would be met by her mother, who had provided support to the wife during the pendency of the divorce. The court also found that "the fact that the wife is getting a large amount of lump sum alimony reduces her entitlement to permanent periodic alimony." The court was referring to the fact that the husband had agreed to pay all the marital debt. The final judgment does not specify which debts the trial court was referring to, nor does it state the amount of debt or when and how the husband is to pay the debts.
The wife contends that in the final judgment the trial court failed to make the findings of fact required by sections 61.08(2) and 61.075(3), Florida Statutes (1999). In particular, the wife complains about the trial court's failure to identify the amount of the marital debt. Section 61.075(3)(c) provides that any distribution of marital assets or liabilities shall be supported by specific written findings of fact. Section 61.08(2)(d) requires the trial court to make findings regarding the financial resources of the parties including the liabilities distributed to each. The trial court did not make any findings regarding the parties' liabilities. The failure to include the required factual findings in the final judgment makes meaningful appellate review impossible and requires reversal of the wife's award of permanent alimony and lump sum alimony. See Farley v. Farley, 800 So.2d 710 (Fla. 2d DCA 2001); Harreld v. Harreld, 682 So.2d 635 (Fla. 2d DCA 1996).
The wife also argues that the trial court abused its discretion in awarding her permanent alimony in the amount of $500 per month. The husband's income after taxes and child support is $4500 per month. Given that his expenses are $1,969.75 per month, it appears that he has the ability to pay more than $500 alimony per month, and the wife unquestionably has the need for more support. However, without any findings in the final judgment regarding the amount of debt assumed by the husband and the manner of payment of that debt, it is not possible for this court to adequately review the award of permanent alimony. See Farley, 800 So.2d at 711. On remand, the trial court should reconsider the amount of permanent alimony awarded to the wife taking into account the changes in the parties' financial circumstances as a result of our reversal in this case.
The wife next contends that the trial court abused its discretion when it imputed income to her. Section 61.30(2)(b) provides that income "shall" be imputed to an unemployed parent if the trial court determines that the unemployment is voluntary. Although the final judgment contains no *176 such determination, the trial judge's comments at the final hearing indicate that he had concluded that the wife was voluntarily unemployed. Section 61.03(2)(b) gives the trial court discretion to refuse to impute income to a voluntarily unemployed parent if that parent is the primary custodial parent and the court finds it necessary for that parent to stay at home.
We agree with the wife that the trial court abused its discretion in this case. The wife testified that because of her son's medical condition, it is necessary for her to be available to her son throughout the day, even when he is at school. She also testified that he requires her constant attention when he is not at school. In addition, she testified that from a practical standpoint, it did not make economic sense for her to work given the cost of child care compared to the income she could earn. Finally, the parties had agreed during the marriage that the wife would be a stay-at-home mother for the minor children. Given the wife's unrefuted testimony that it is necessary for her to stay at home and the parties' agreement that she would be a stay-at-home mother, the trial court had no factual basis from which to conclude anything except that it was necessary for the wife to stay at home at least until the youngest child reaches majority. Accordingly, we reverse this aspect of the final judgment.
The wife also contends that the trial court should not have imputed income to her based on the fact that during the parties' separation, the wife lived rent-free in a home owned by her mother. She also argues that the trial court should have imputed income to the husband based on the support that he receives from his parents. The trial court looked at the fact that both parties were receiving support from their parents and then treated it as "a wash" so that the support the parties received was not considered in determining alimony or child support.
We agree with the wife that it was error for the trial court to impute income to her because there was no evidence of regular, periodic payments. Further, the wife testified that the situation was temporary because her mother intended to sell the house. The assistance from the wife's mother was of a temporary nature during the pendency of the divorce proceedings. Such support does not provide a basis for imputing income. See Bedell v. Bedell, 583 So.2d 1005 (Fla.1991); Ordini v. Ordini, 701 So.2d 663 (Fla. 4th DCA 1997).
On the other hand, the husband had received support from his parents on a regular basis since 1996 and was still living with his parents at the time of the final hearing. The husband contends that support he has not received yet is purely speculative in nature. Relying on Shiveley v. Shiveley, 635 So.2d 1021 (Fla. 1st DCA 1994), he argues that this support cannot provide a basis for imputing income to him. Shiveley is distinguishable, however, because in that case there was no evidence of regular, periodic payments, but rather sporadic cash gifts. This case is more akin to Ordini where the husband's parents "began a pattern of support ... that not only allowed the parties to get accustomed to a high standard of living, but also took away the husband's incentive to work." Ordini, 701 So.2d at 666. Accordingly, the trial court should have imputed income to the husband. See id. at 664-65. As noted in Ordini, if the husband's circumstances change in the future, he can seek a downward modification. Id. at 666.
Finally, we reverse the trial court's award of attorney's fees to the wife. The wife contends that it was an abuse of discretion for the trial court to require her to pay half of her attorney's fees. Where *177 there is a substantial disparity between the parties' incomes, it may be an abuse of discretion to grant a partial attorney's fee award. Lowman v. Lowman, 724 So.2d 648 (Fla. 2d DCA 1999). In light of the disparity in income between the parties in this case, it was error for the trial court to order the husband to pay only half of the wife's attorney's fees. On remand, the trial court should order the husband to pay all, or at least a higher percentage, of the wife's fees. In determining the amount to award, the trial court should consider the parties' relative financial positions taking into account the changes in the parties' financial circumstances as a result of our reversal in this case.
Reversed and remanded for further proceedings consistent with this opinion.
GREEN and DAVIS, JJ., Concur.