824 So.2d 902 (2002)
Theodore C. ROGERS, Appellant,
v.
Cheryl A. ROGERS, Appellee.
No. 3D01-3076.
District Court of Appeal of Florida, Third District.
May 22, 2002.
Certification, Rehearing and Rehearing Denied September 4, 2002.
*903 Paul Morris and Gerald I. Kornreich, Miami, for appellant.
Franklin & Criscuolo, Barry S. Franklin and Donald G. Criscuolo, North Miami Beach, for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.
Certification, Rehearing and Rehearing En Banc Denied September 4, 2002.
GODERICH, Judge.
The husband, Theodore C. Rogers, appeals from an order granting the wife's motion for temporary attorney's fees and costs in a dissolution of marriage action. We reverse and remand for further proceedings.
In March 2001, after approximately nineteen months of marriage, the husband filed for divorce. Shortly thereafter, the wife filed a motion for temporary attorney's fees and costs. Following an evidentiary hearing, the lower court granted the wife's motion finding that the wife had a need for attorney's fees and costs and that the husband had the ability to pay the wife's fees and costs. In doing so, the lower court relied, in part, on loans that the husband's parents had made to the husband. The evidence showed that prior to the marriage, the husband borrowed $24,500 from his parents. During the marriage, the husband borrowed from his parents $12,000 in October 2000, and $22,000 in March 2001. After the parties separated, the husband borrowed a total of $72,000 from his parents within a five month period. These loans are secured by promissory notes.
The husband contends that the trial court erred by relying on the loans when assessing his ability to pay the temporary attorney's fees and costs. We agree.
When determining a party's ability to pay and a party's need for attorney's fees and costs, the general rule is that the trial court may only consider the "financial resources of the parties and not the financial assistance of family or friends." Bromante v. Bromante, 577 So.2d 662, 663 (Fla. 1st DCA 1991); see also Bedell v. Bedell, 583 So.2d 1005 (Fla.1991); Thilem v. Thilem, 662 So.2d 1314 (Fla. 3d DCA 1995); Sol v. Sol, 656 So.2d 206 (Fla. 3d DCA 1995); Shiveley v. Shiveley, 635 So.2d 1021 (Fla. 1st DCA 1994). An exception to this general rule is that income can be imputed based on gifts if the gifts are continuing and ongoing, not sporadic, and where the evidence shows that the gifts will continue in the future. Vorcheimer v. Vorcheimer, 780 So.2d 1018, 1019 (Fla. 4th DCA 2001)(holding that income should not be imputed "absent evidence that the payment would continue in the future"); Ordini v. Ordini, 701 So.2d 663, 666 (Fla. 4th DCA 1997)(holding that "provisions of chapter 61 are broad enough to include regular gifts in determining income for purposes of child support"); Cooper v. Kahn, 696 So.2d 1186, 1188 (Fla. 3d DCA 1997)(holding that trial court did not err in imputing income to wife for purposes of child support "based on the continued monthly payment of [wife's] living expenses" by wife's mother); Meighen v. Meighen, 813 So.2d 173, 176 (Fla. 2d DCA *904 2002)(holding that it was error to impute income to wife where "there was no evidence of regular, periodic payments" and where assistance from wife's mother "was of a temporary nature during the pendency of the divorce proceedings"; holding that lower court properly imputed income to husband where husband's parents made regular, periodic payments that allowed parties to maintain a high standard of living.)
Contrary to the wife's argument, the exception is not applicable in the instant case. The evidence showed that the husband's parents made large, sporadic loans to the husband, which varied in amount and frequency. Further, there was no evidence that the husband's parents would continue to loan the husband money in the future. Moreover, unlike gifts, the husband continues to be legally indebted to his parents.
Although the lower court also relied on the husband's assets in awarding fees and costs to the wife, we must nonetheless reverse and remand for reconsideration where the loans were a primary factor in the lower court's finding that the husband had the ability to pay. On remand, the lower court is directed to reconsider the wife's motion for attorney's fees and costs based upon the parties' financial resources, not the financial resources of family or friends.
Based upon the disposition of the above issue, we do not address the remaining issue raised by the husband.
Reversed and remanded for further proceedings consistent with this opinion.