HAWKES, J.
William Scott Martin appeals the final judgment dissolving his marriage to Rhonda J. Martin. He contends the trial court abused its discretion in three ways: first, by not awarding him permanent periodic alimony when his former wife earns approximately two and one-half times more income than he does; second, by not partitioning the marital residence despite the special circumstances of this case; and third, by summarily denying his motion for attorney’s fees and costs despite the substantial income disparity between the parties. We AFFIRM the denial of alimony, REVERSE as to the trial court’s failure to partition the marital residence and award attorney’s fees and costs, and REMAND for further proceedings.

Facts

The parties married in August 1992 and separated in December 2004. The former wife filed for dissolution in February 2005. At the time of their separation, the parties had two children under the age of ten, and had resided in the newly built marital residence for less than a year.
The marital residence was encumbered by a $229,215.00 mortgage, and had a market value of $408,000.00. The former wife had a bachelor’s degree in accounting, worked as a CPA, and, including bonuses, earned approximately $125,000.00 in gross annual income. The former husband had an associate of arts degree, worked as a factory shift worker, and, including overtime, earned approximately $50,000.00 in gross annual income.
In July 2006, the trial court entered a final judgment, which denied the former husband’s request for permanent periodic alimony; ordered equitable distribution of marital assets, including the marital home, but denied partition since the former wife was named primary residential parent for the children; and denied the former husband’s request for attorney’s fees and suit costs. The home was to be sold upon the youngest child attaining majority, or the former wife’s remarriage.

*805
Partition of Marital Residence

Distribution of marital assets and liabilities, including the marital residence, begins with the premise of equal distribution unless there is justification for unequal distribution under the statutory factors. § 61.075(1), Fla. Stat. (2005). As a general rule, a trial court may award the primary residential parent exclusive use and possession of the marital residence until the youngest child reaches majority or the primary residential parent remarries, unless there are special circumstances. See Martinez v. Martinez, 573 So.2d 37, 43 (Fla. 1st DCA 1990) rev. denied 581 So.2d 1309 (Fla.1991). The parties’ relative financial positions along with other considerations may constitute special circumstances. See Dehler v. Dehler, 648 So.2d 819, 820 (Fla. 4th DCA 1995).
Here, the short duration the parties resided in the marital residence, the lack of other significant marital assets, and the large differential in relative earning power together constitute special circumstances. Based upon these special circumstances, the trial court abused its discretion by refusing to order the partition of the marital residence. On remand, the trial court should order partition, unless the parties reach alternative arrangements.[1]

Attorney’s Fees and Costs

Pursuant to section 61.16, Florida Statutes, a trial court may order one party to pay an attorney’s fee, suit money, and costs for the other party. § 61.16, Fla. Stat. (2005). The parties’ financial resources are the primary factor to consider when determining whether to award fees. Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). The purpose of section 61.16 is to level the playing field in family-law proceedings, ensuring both parties have an equal ability to obtain competent legal counsel. Glasgow v. Wolfe, 873 So.2d 483, 484 (Fla. 1st DCA 2004). “This provision expressly requires the court to make findings regarding the parties’ respective financial needs and abilities to pay.” Id. at 484-85 (quoting Sumlar v. Sumlar, 827 So.2d 1079, 1084 (Fla. 1st DCA 2002)).
In the instant case, the facts are undisputed. The former wife makes substantially more than the former husband. The former husband received a gift of approximately $7,500.00 towards his attorney’s fees and suit costs from his father. He placed the remainder of his litigation costs on a credit card. Additional “gifts” from his parents amounted to a $9,000.00 interest-free loan, a reduced rental rate on a property owned by his parents in which he was living during the pendency of the dissolution proceedings, a used car titled in his name, and use of a family owned boat.
Where the parties’ income disparity is substantial, a trial court abuses its discretion by denying a request for attorney’s fees and costs. See Jacobs v. Jacobs, 585 So.2d 404, 405 (Fla. 1st DCA 1991); Kelly v. Kelly, 491 So.2d 330 (Fla. 1st DCA 1986) (finding abuse of discretion in failing to award attorney’s fee where wife had substantially smaller income than husband, the majority of her assets would not become liquid until marital residence was sold, and without liquid assets she would, for the short run, be in a substantially worse financial position than her husband); see also Meighen v. Meighen, 813 So.2d 173, 177 (Fla. 2d DCA 2002) (holding the granting of partial attorney’s fees and costs may be an abuse of discretion where parties’ income disparity is substantial).
Earning two and half-times more than one’s former spouse constitutes a substantial income disparity. Christ v. Christ, 854 *806 So.2d 244, 248 (Fla. 1st DCA 2003); Hyatt v. Hyatt, 672 So.2d 74, 76 (Fla. 1st DCA 1996) (holding trial court’s denial of fees erroneous due to substantial disparity in parties’ income).
Occasional gifts of temporary support given on an irregular basis may not be imputed as income under section 61.16, Florida Statutes. See Shiveley v. Shiveley, 635 So.2d 1021, 1022-23 (Fla. 1st DCA 1994) (holding past gifts from spouse’s parents are not imputed as income); Meighen v. Meighen, 813 So.2d 173, 176 (Fla. 2d DCA 2002) (holding temporary parental assistance, such as living rent-free in a home owned by a parent during the pen-dency of the dissolution proceedings does not provide a basis for imputing income). Shiveley reasoned that “[gjifts which have not yet been received are purely speculative in nature, mere expectancies, and as such are not properly included in the calculation of income for purposes of determining the need for, or the ability to provide, support.” Shiveley, 635 So.2d at 1022-23.
In reviewing the final judgment, it appears the trial court considered parental “gifts” and imputed them as income or “financial resources” when denying former husband attorney’s fees and costs. If such was the case, the trial court erred as a matter of law. Id. Since there were no findings made, we cannot determine the rationale for the trial court’s denial of attorney’s fees and costs.
AFFIRMED in part, REVERSED in part, and REMANDED. On remand, the court may receive additional evidence if necessary.
PADOVANO and POLSTON, JJ., concur.

. Nothing in this opinion should be construed to prohibit one party from purchasing the marital residence from the other party in lieu of partition.