STRINGER, Judge.
 

 Jonathan Oluwek, the Husband, seeks review of an amended final judgment of dissolution of his marriage to Linda Olu-wek, the Wife. Because the trial court erred in imputing income to the Husband without evidence that it will continue in the future, we reverse in part and remand for recalculation of income and support obligations. We affirm without comment all other aspects of the amended final judgment of dissolution.
 

 The parties were married sixteen and one-half years and had three children, ages sixteen, fourteen, and nine at the time of
 
 *1039
 
 trial. The Wife was employed as a part-time preschool teacher, and the Husband was a waiter working largely sporadic, seasonal jobs. The court found the Wife’s gross monthly income to be $1594.38 based on her teaching income and a small home-based business grossing approximately $400 per month. The court found the Husband’s gross monthly income to be $5535 based on his income as a waiter plus an additional $1500 per month contributed regularly by the Husband’s parents. It is clear from the record, however, that the parties lived a lifestyle well beyond their means, incurring great amounts of debt.
 

 Based on these findings, the court imposed on the Husband a monthly child support obligation of $1511. The court found that the Wife had a need for permanent alimony but that the Husband did not have a current ability to pay. Thus, the court ordered the Husband to pay the nominal amount of $100 per month as permanent alimony, reserving jurisdiction to increase the amount upon any future change in circumstances.
 

 The Husband argues the trial court erred in imputing $1500 per month as income to the Husband based on regular monthly payments received from his parents. It is clear from the record that the Husband’s parents made regular monthly payments of $1500 over the last five years of the marriage, which payments were used to help support a lifestyle far in excess of what the parties could afford on their income alone. However, the Husband argues the trial court erred by imputing the $1500 as monthly income for purposes of computing alimony and child support because the payments ceased and would not continue in the future.
 

 As a general rule, the trial court may not consider financial assistance from family or friends in determining a party’s ability to pay alimony or child support.
 
 Rogers v. Rogers,
 
 824 So.2d 902, 903 (Fla. 3d DCA 2002). An exception applies allowing the court to impute income based on gifts “if the gifts are continuing and ongoing, not sporadic, and where the evidence shows that the gifts will continue in the future.”
 
 Id.
 
 at 903.
 

 In
 
 Vorcheimer v. Vorcheimer,
 
 780 So.2d 1018, 1019 (Fla. 4th DCA 2001), the Fourth District held that the trial court erred by imputing $1500 to the husband as income where there was no evidence that the payments would continue. The $1500 payments had been made on a monthly basis for twelve years, but the husband’s father testified at trial that he had stopped making the monthly payments and would not make them in the future.
 
 Id.
 
 The
 
 Vorcheimer
 
 court distinguished that case from
 
 Ordini v. Ordini,
 
 701 So.2d 663 (Fla. 4th DCA 1997), in which regular monthly payments from the husband’s parents continued through trial and the husband’s mother testified that she would continue to make them in the future.
 

 In this case, the Husband’s parents made regular payments to the Husband of $1500 per month over a period of approximately five years. Thus, the payments were continuing and ongoing and were not sporadic. However, the Husband correctly argues that the uncontroverted evidence presented at trial was that the payments would not continue in the future. The Husband testified that the payments stopped months prior to trial and that his parents were unable to continue making the payments.
 

 Because there is no evidence that the $1500 monthly payments to the Husband would continue in the future, the trial court erred in imputing it as income to the Husband. Accordingly, we reverse the amended final judgment in part and remand for the trial court to reconsider the
 
 *1040
 
 award of child support and alimony, subsequent to a recalculation of the Husband’s income as discussed above.
 

 Affirmed in part, reversed in part, and remanded.
 

 FULMER and WALLACE, JJ., Concur.