COHEN, J.
 

 Denise Halikman challenges the trial court’s award of permanent alimony which, but for her parents’ largesse, would be inadequate to meet her needs. The facts underlying this lawsuit are tragic and the decision difficult. They involve a long-term marriage, a debilitating stroke that left the wife dependent upon others, and the generosity and care of her parents after the wife chose to permanently live with them in Texas. It serves no purpose to recite the testimony presented during three days
 
 of
 
 trial, other than to note that the primary issue was the determination of the amount of permanent alimony the wife required in light of her parents’ generosity-
 

 This appeal focuses on the wife’s needs rather than the husband’s ability to pay.
 
 [1]
 
 Although acknowledging the general rule that it may only consider the financial resources of the parties and not the voluntary financial assistance of family and friends, the trial court applied the exception that income may be imputed based on gifts that are continuing and ongoing, not sporadic, where the evidence shows the gifts will continue in the future.
 
 See Rogers v. Rogers,
 
 824 So.2d 902, 903 (Fla. 3d DCA 2002).
 

 Our decision is guided by the standard of review: abuse of discretion. This writer would not have reached the same decision as the trial judge, nor perhaps would the other members of this panel. However, our judgment may not be substituted for the trial judge’s. “[Discretion is abused only where no reasonable [person] would take the view adopted by the trial court.”
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980). We are unable to make such a finding in this case. Because the wife did not establish any other reversible error, we are compelled to affirm.
 

 AFFIRMED.
 

 MONACO, C.J., and PLEUS, JR., R„ Senior Judge, concur.
 

 [1]
 

 . The trial court awarded $2250 in monthly, modifiable, permanent periodic alimony. The husband's ability to pay a greater amount was not contested. The husband stipulated that should the wife voluntarily leave her parents’ home and need to incur rent and utilities, this would constitute a substantial change in circumstances for purposes of modification and he would not raise the defense that the change was voluntary.