KHOUZAM, Judge.
J.D.C., the Father, appeals a final judgment of paternity entered in his suit against M.E.H., the Mother. Although we find no error in the parenting plan the trial court fashioned, we agree with the Father that the trial court erred in concluding that the Father engaged in vexatious litigation by challenging the findings and conclusions in a social investigation report. In addition, the trial court’s calculations of the support award contain inconsistencies as to the Father’s income and health insurance. Consequently, we reverse and remand on those issues only.
The Father filed a paternity action seeking to establish paternity and a timeshar-ing agreement concerning the parties’ minor child. The Father requested that the child reside primarily with him or, alternatively, that he be granted three weekends *935 per month with the child. The Mother filed an answer and counterpetition admitting the Father’s paternity but seeking to retain majority time-sharing with the child. The Father moved for appointment of a psychologist to conduct a social investigation and make recommendations for a parenting plan. The trial court granted his request.
After conducting the investigation, the psychologist produced a report containing findings and recommendations. The investigator found that both parents loved and cared for the child, but also that the child was more attached to the Mother and was thriving with her. The investigator found that both parents admitted to having a tense relationship and ongoing conflict with one another, particularly regarding scheduling time with their child. Ultimately, the report concluded that despite “serious communication issues” between the parties, the findings did not warrant changing the Mother’s majority time-sharing.
The matter proceeded to a two-day trial. The Father maintained his request for primary time-sharing or, in the alternative, an increase from two to three weekends per month with his child. He also sought child support. The Mother requested to retain primary time-sharing and asked for an award of child support and attorney’s fees. The trial court subsequently entered a final judgment finding that it was in the child’s best interest that the parents share parental responsibility. The judgment essentially formalized the parties’ previous time-sharing arrangement, with the Mother retaining primary time-sharing and the Father still receiving two weekends per month. The trial court also calculated the income of both parties and ordered the Father to pay retroactive and ongoing child support. Finally, the trial court ordered the Father to pay all of the Mother’s attorney’s fees incurred after the investigation report was completed. The basis for this award was the trial court’s finding that by continuing to litigate after receiving the unfavorable results of the report, the Father had engaged in vexatious litigation. The Father timely appealed.
Pursuant to statute, a trial court may order a social investigation and recommendations where parents are unable to agree on a parenting plan and may use the information and recommendations in making a decision on the parenting plan. § 61.20(1), Fla. Stat. (2010). But that section contains “a procedural due process requirement that when the trial court relies on such investigative reports, counsel for the parties should be given an opportunity to review the reports for purposes of introducing any evidence that might rebut the conclusions or recommendations which the reports contained.” Kern v. Kern, 333 So.2d 17, 20 (Fla.1976); see also Leinenbach v. Leinenbach, 634 So.2d 252, 253 (Fla. 2d DCA 1994) (“Procedural due process prohibits a trial court from relying upon a social investigation report to determine child custody without first providing the report to the parties and permitting them to introduce evidence that might rebut the conclusions or recommendations contained in the report.”). Consequently, a party cannot be forced to accept the findings and recommendations in such a report without first being given the opportunity to challenge them.
A trial court possesses inherent authority to impose attorney’s fees against a party as a sanction. Bennett v. Berges, 50 So.3d 1154, 1159 (Fla. 4th DCA 2010). However, any such award must be “ ‘supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incur-rence of attorneys’ fees.’ ” Id. (quoting Moakley v. Smallwood, 826 So.2d 221, 227 (Fla.2002)). We review a trial judge’s im *936 position of sanctions for bad faith litigation conduct for an abuse of discretion. Id.
Here, although it is undisputed that the Father was given the report and was permitted to introduce evidence rebutting it, the trial court punished him for doing so. The trial court found that once the Father received the unfavorable report, “to continue to litigate after that point is evidence of bad faith and an award of attorney’s fees may be sustainable as an exercise of the trial court’s inherent authority to punish bad faith conduct.” On that basis alone, the trial court ordered the Father to pay all of the Mother’s attorney’s fees incurred after the report was completed.
This is troubling for two reasons. First, in the alternative to his request for primary time-sharing, the Father sought three weekends per month with his child-a request which did not conflict with the recommendations in the report. But second, and much more important, is that in challenging the findings and conclusions in the social investigation report, the Father was exercising a due process right. Therefore, the trial court’s conclusion that the Father engaged in vexatious litigation by continuing with the paternity action is not supported by the record. See Landers v. Landers, 429 So.2d 27, 29 (Fla. 5th DCA 1983) (holding that a trial court “cannot, by ordering the report, deprive or restrict the parties of their right to present testimony or other evidence or to cross-examine witnesses”). Consequently, the award of attorney’s fees was an abuse of discretion and we must reverse it.
Having determined that the award of attorney’s fees must be reversed, two support calculation irregularities remain. First, in addressing the Father’s ability to pay attorney’s fees, the trial court found that the Father had recently stopped paying $700 per month in rent for his abandoned race car business, “which frees that obligation” to be put toward attorney’s fees. However, there is no indication that his business obligation was factored into the income determination the trial court used to calculate child support. The trial court simply listed the total amount received by the business and divided it to determine a monthly average income. Consequently, there appears to be a discrepancy on the face of the final judgment if the rent was determined to be a legitimate business expense in awarding attorney’s fees, but not one in the calculation of child support.
Second, it is not clear from the record whether the Father received proper credit for his monthly payments to the child’s health insurance. Insurance payments were omitted from the original support calculation, but a value of $111.41 was added in an order granting the Father’s motion for rehearing as to child support only. The Father argues that the amount is inaccurate and should instead reflect a monthly payment of $147.59. The Mother conceded in her answer brief that the amount reflected on the updated calculation was inaccurate and that the Father was entitled to a credit for the difference. But at oral argument, the Mother argued instead that the updated calculation was correct because it reflected the Father’s payments toward his own health insurance rather than that of the child. It is unclear from the record which of the Mother’s positions is accurate.
The trial court shall resolve these irregularities upon remand in recalculating the Father’s support obligation. On remand, we urge the trial court to apply the correct standard in determining the impact of financial assistance the Father receives from family members. In assessing the Father’s ability to pay the attorney’s fees award, the trial court imputed as income past financial assistance he received from his mother because “there was no evidence *937 that the gifts will not continue, citing Oluwek v. Oluwek, 2 So.3d 1038 (Fla. 2d DCA 2009). This language suggests the trial court applied a presumption that the gifts would continue, absent affirmative evidence to the contrary. Although our reversal of the award of attorney’s fees renders moot the issue of whether the Father had the ability to pay it, we note that the standard is actually the converse of that described in the order. See id. at 1039 (“An exception applies allowing the court to impute income based on gifts ‘if the gifts are continuing and ongoing, not sporadic, and where the evidence shows that the gifts will continue in the future.’” (emphasis added) (quoting Rogers v. Rogers, 824 So.2d 902, 903 (Fla. 3d DCA 2002))). If necessary, the trial court shall apply the standard as described in Oluwek.
Affirmed in part, reversed in part, and remanded in part.
CASANUEVA and CRENSHAW, JJ, Concur.