DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ADAM JUSTIN STEELE,**
Appellant,

v.

**CHARITY NOEL LOVE,**
Appellee.

No. 4D12-3507

[July 23, 2014]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Amy Smith, Judge; L.T. Case No. 502011DR009631XXXXNB.

Robin Bresky of Law Offices of Robin Bresky, Boca Raton, for appellant.

Martin L. Haines, III of Martin L. Haines, III, Chartered, Lake Park, for appellee.

MAY, J.

A former husband appeals a final judgment of dissolution. The former wife cross-appeals. We affirm on all issues in both the appeal and cross-appeal, but write to address the imputation of income to each of the parties.

On the direct appeal, the former husband argues the trial court erred in using the amount of money he receives from his parents to impute income to him. We review imputation of income for child support purposes based on whether it is supported by competent, substantial evidence. *Brown v. Cannady-Brown*, 954 So. 2d 1206, 1207 (Fla. 4th DCA 2007). We find the trial court's imputation of income was supported by competent, substantial evidence.

Section 61.30(2)(a)(13), Florida Statutes (2012), specifically lists "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses" as gross income to be considered in determining child support. Generally, gifts received from a party's parents are irrelevant for

child support determination. *Vorcheimer v. Vorcheimer*, 780 So. 2d 1018, 1019 (Fla. 4th DCA 2001) (citing *Shiveley v. Shiveley*, 635 So. 2d 1021 (Fla. 1st DCA 1994)). However, regular periodic payments to a child by a parent are considered income for child-support determination. *Ordini v. Ordini*, 701 So. 2d 663, 666 (Fla. 4th DCA 1997) (citing *Cooper v. Kahn*, 696 So. 2d 1186 (Fla. 3d DCA 1997)).

Here, the former husband was unemployed but was starting a business that had not yielded any income. His parents paid for his living expenses for the nineteen months between the filing of the petition for dissolution of marriage and the trial. In the former husband's first financial affidavit, he listed $3,000 in recurring monthly income from his parents. He confirmed this income in a later deposition. On the day of trial, the former husband filed an amended financial affidavit, attesting that he receives $2,600 in non-permanent recurring monthly income from his parents.

While the former husband's father testified that he may not be able to continue these payments indefinitely, he and his wife would continue to support his son as long as they could. They wanted to insure their son and granddaughter were healthy and happy, and had a safe and secure environment in which to live. The evidence therefore supported the trial court's imputation of $2,600 in income to the former husband.

The former husband next argues that the trial court erred in its imputation of income to the former wife. Specifically, he argues that the court erred in imputing a minimum-wage hourly rate for forty hours of work per week because, although she works only part-time, the former wife's actual hourly rate of compensation was higher than minimum wage. The former husband also argues that the court omitted significant, regular income the former wife receives from other family-owned companies. The former wife agrees that she receives $450 monthly interest income, which the trial court did not consider, but disputes any other consistent income.[1] She argues that the amount of imputed income is actually slightly higher than her actual income, including the monthly $450.

In determining child support, a court "may only impute a level of income supported by the evidence of . . . probable earnings based on," among other things, the history of income. *Alich v. Clapp*, 926 So. 2d 467, 468 (Fla. 4th DCA 2006) (citing *Konsoulas v. Konsoulas*, 904 So. 2d 440,

---

[1] We find no error in the court's refusal to impute additional income to the former wife from other family-owned businesses. The testimony reflected income in 2009, 2010, and 2011, but no evidence that the former wife would continue to receive that income in the future.

443 (Fla. 4th DCA 2005)).  The court's determination must be supported by competent, substantial evidence, not "outdated income figures." *Id.* (citing § 61.30(2)(b), Fla. Stat. (2001), and *Wendel v. Wendel*, 852 So. 2d 277, 284 (Fla. 2d DCA 2003)).

Here, the former wife worked at a school every other week.  The court found that the former wife had not worked full-time since the parties separated because she had custody of their child every other week.  The former husband failed to establish that she was voluntarily underemployed.  Based on her part-time work schedule and the $450 monthly interest income, her actual monthly income is nineteen dollars less than the income imputed to her by the court.  While there may have been a technical error in the court's imputation of income to the former wife, the error was favorable to the former husband and is of such a negligible amount that we affirm.

*Affirmed.*

DAMOORGIAN, C.J., and WARNER, J., concur.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**

3