PER CURIAM.
Trista Bower appeals from a final judgment of paternity. On appeal, she raises several issues, only one of which merits discussion. In determining Bower’s net income for the purpose of calculating child support, the trial court included as income child support Bower received on behalf of a child born from a prior relationship. This was error. See Sotoloff v. Sotoloff, 745 So.2d 959, 961-62 (Fla. 4th DCA 1998) (child support payments mother received for her child from previous marriage could not be included in calculating child support obligation of father of child from subsequent marriage).
On remand, after redetermining Bower’s net income, the trial court is directed to recalculate: (1) the father’s child support obligation; (2) the parties’ respective financial responsibilities for the child’s medical expenses and child care costs; and (3) the amount of arrearages. The trial court is not required to accept new evidence in making these adjustments.
Because a redetermination of Bower’s net income will result in an increased disparity in the parties’ respective net incomes, the trial court is also directed to reconsider its denial of Bower’s request for attorney’s fees. We affirm as to the other issues raised on appeal.
AFFIRMED, in part; REVERSED, in part; and REMANDED.
EVANDER and COHEN, JJ„ and HARRIS, C.M., Senior Judge, concur.