DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**LYNNE GARCELL,**
Appellant,

v.

**ELIAS GARCELL,**
Appellee.

No. 4D12-3528

[November 5, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Steven B. Feren, Judge; L.T. Case No. 10-3124 FMCE.

Jessica VanValkenburgh and Ejola Cook of The Ticktin Law Group, P.A., Deerfield Beach, for appellant.

Hale Schantz of Schantz and Schantz, P.A., Weston, for appellee.

PER CURIAM.

Lynne Garcell ("appellant") appeals the trial court's final order on dissolution of marriage and the denials of her subsequent motions to vacate the final judgment. At the conclusion of the hearing, before the entry of the final order and judgment, the trial judge granted appellant an additional forty-five days to conduct additional discovery, and instructed the parties to contact him when this discovery was completed so he could schedule another hearing and decide the pending issues relating to alimony and child support. However, twenty-seven days after this hearing and before appellant had completed her discovery, the trial court issued its Final Order on Dissolution of Marriage and Other Relief ("final order") without an explanation as to why it was being issued before the expiration of the forty-five day extension. Appellant contends the court improperly entered the final order while discovery was still pending. For the reasons stated below, we agree with appellant and reverse.

Here, appellant was never given a full opportunity to present her case to the court prior to the entry of the final order. Appellant brought this issue to the court's attention, and was assured that she would be given a chance to present her case. As such, by entering the final order before appellant had an opportunity to be heard, the trial court deprived her of the due process guaranteed by the Florida Constitution. *See* Art. I, § 9, Fla. Const. This court has held in the past that "'[t]he denial of due process rights, including the opportunity to be heard, to testify, and to present evidence, is fundamental error.'" *Kilnapp v. Kilnapp*, 140 So. 3d 1051, 1053 (Fla. 4th DCA 2014) (quoting *Weiser v. Weiser*, 132 So. 3d 309, 311 (Fla. 4th DCA 2014)); *see also Julia v. Julia*, 146 So. 3d 516, 520 (Fla. 4th DCA 2014) (stating that "'[d]ue process requires that a party be given the opportunity to be heard and to testify and call witnesses on the party's behalf . . . and the denial of this right is fundamental error'" (quoting *Minakan v. Husted*, 27 So. 3d 695, 698 (Fla. 4th DCA 2010)).

Rendering the final judgment in this case while court-authorized discovery was still pending was an abuse of discretion. With the trial court's express permission, appellant was in the process of obtaining additional discovery pertaining to appellee's income and ability to pay when the final order was handed down. Therefore, the trial court reached its final decision and made its findings of fact without allowing appellant to utilize the time it previously granted to assemble and present the applicable facts for its consideration. *See Payne v. Cudjoe Gardens Prop. Owners Ass'n*, 837 So. 2d 458, 461 (Fla. 3d DCA 2002) (stating in regards to summary judgment that "[w]here discovery is not complete, the facts are not sufficiently developed to enable the trial court to determine whether genuine issues of material facts exist").

Since appellant was unable to complete the discovery process and was not permitted to present her case to the trial court, it can hardly be said that the trial court's award of alimony and child support was based upon a meaningful review of all of the competent, substantial evidence. *Steele v. Love*, 143 So. 3d 1020, 1022 (Fla. 4th DCA 2014) (stating that a "court's determination [of child support] must be supported by competent, substantial evidence"); *see also Vitro v. Vitro*, 122 So. 3d 382, 387 (Fla. 4th DCA 2012) (stating that "'where the record does not contain substantial, competent evidence to support the trial court's findings regarding the amount of alimony awarded, the appellate court will reverse the award'" (quoting *Wabeke v. Wabeke*, 31 So. 3d 793, 795 (Fla. 2d DCA 2009)). As a result, we reverse the trial court's final order and remand this case for rehearing on both of these issues.

*Reversed and Remanded.*

GERBER, LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***