DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KATHRYN CARLSON,**
Appellant,

v.

**RYAN CARLSON,**
Appellee.

No. 4D14-4757

[ June 1, 2016 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 2009DR013017 FY.

Christopher R. Bruce and John E. Schwencke of Nugent Zborowski & Bruce, North Palm Beach, for appellant.

Gary D. Weiner and Scott M. Weiss of Weiner & Weiss, LLC, Boca Raton, for appellee.

TAYLOR, J.

In this post-dissolution proceeding, the wife appeals the trial court's orders granting in part the husband's petition for modification of child support, ratifying a general magistrate's report, and denying the wife's exceptions to the report.[1] We affirm in part and reverse in part.

We conclude, without further comment, that: (1) the magistrate did not abuse her discretion in concluding that the wife's voluntary underemployment was a substantial change in circumstances warranting a modification in child support; (2) the magistrate did not abuse her discretion in refusing to dismiss the husband's petition under the "unclean hands" doctrine; (3) the magistrate's delay in issuing her report does not warrant reversal; and (4) competent, substantial evidence supports the imputation of a $38,000 salary to the wife. We also affirm as to any other issues or sub-issues not specifically addressed in this opinion.

---

[1] For ease of reference, this opinion will refer to the parties as the husband and the wife, even though they are now divorced.

We find, however, that there was insufficient evidence to support the magistrate's inclusion of gift income to the wife. Income may be "imputed based on gifts if the gifts are continuing and ongoing, not sporadic, and where the evidence shows that the gifts will continue in the future." *Rogers v. Rogers*, 824 So. 2d 902, 903 (Fla. 3d DCA 2002); *see also Vorcheimer v. Vorcheimer*, 780 So. 2d 1018, 1019 (Fla. 4th DCA 2001) (error to impute gift income "absent evidence that the payment would continue in the future"); *Ordini v. Ordini*, 701 So. 2d 663, 666 (Fla. 4th DCA 1997) ("[T]he provisions of chapter 61 are broad enough to include regular gifts in determining income for purposes of child support.").

Here, the magistrate imputed monthly gift income to the wife, consisting of the wife's $1,594 mortgage payment, $69 air conditioning payment, and $173 car payment, all of which the magistrate found were paid by the wife's family. However, we conclude there was insufficient evidence that the wife's family would regularly pay the entire amount of these expenses. Moreover, the husband elicited no evidence that the wife's family would continue to assist her with paying these expenses in the future. Accordingly, we reverse on this issue and remand for the trial court to exclude gifts from the wife's income and to recalculate child support accordingly.

We also find that the magistrate should have ruled on the wife's request to require daycare expenses to be paid through an income deduction order. This request was presented in the wife's pleadings, in the joint pre-trial statement, and at the modification trial. The magistrate's report, however, reflects that the magistrate never ruled on this issue. Additionally, in the wife's exceptions to the magistrate's report, the wife pointed out the magistrate's failure to rule on this issue. Therefore, we reverse and remand for the trial court to address this request in the first instance. *See Harbin v. Harbin*, 762 So. 2d 561, 563 (Fla. 5th DCA 2000) (the trial court erred in failing to rule on the former wife's request for attorney's fees where the request was made in her pleadings, in her pretrial statement, at the modification trial, and in a motion for rehearing).

The wife also correctly argues that the magistrate should have included child care costs in the child support calculation. *See* § 61.30(7), Fla. Stat. (2014) ("Child care costs incurred due to employment, job search, or education calculated to result in employment or to enhance income of current employment of either parent shall be added to the basic obligation.").

Additionally, the magistrate erred by including all of the $400-per-month daycare discount—a 50% discount that the wife receives by working

at her child's daycare facility—as income to the wife. Because the magistrate already imputed a full-time salary to the wife due to the magistrate's finding that the wife was underemployed by working at a daycare facility, it logically follows that the daycare discount should not have been included in the wife's income.[2] We reverse and remand for the trial court to correct the error by eliminating the $400 discount from the wife's income altogether.

Finally, because we are reversing for a recalculation of the wife's income, the trial court should reconsider the issue of attorney's fees. *See, e.g., Bower v. Hansman*, 161 So. 3d 512, 512 (Fla. 5th DCA 2014) ("Because a redetermination of Bower's net income will result in an increased disparity in the parties' respective net incomes, the trial court is also directed to reconsider its denial of Bower's request for attorney's fees.").

*Affirmed in part, Reversed in part, and Remanded.*

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Even if it were proper to count the $400-per-month daycare discount as income, the magistrate should have attributed $200 per month in income to each party as a result of the daycare discount. Because the parties were equally responsible for daycare costs, the $400 discount benefited both parties equally. The magistrate's ruling allowed the husband to receive $200 in cost savings that was unfairly counted as income to the wife, when it should have counted as income to the husband. Alternatively, if the entire $400 discount were counted as income to the wife, then the husband should have been 100% responsible for paying the remaining $400 cost of daycare.