# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1673
Lower Tribunal No. 17-3528
_____

**Amal Crane,**
Petitioner,

vs.

**Matthew Harrison Crane,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Amal Crane, in proper person.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for respondent.

Before EMAS, SCALES and HENDON, JJ.

SCALES, J.

Petitioner Amal Crane (the Mother) seeks certiorari relief to quash a September 1, 2022 trial court order (the Order) that granted respondent Matthew Harrison Crane's (the Father) motions for psychological evaluation and social investigation. The Mother argues that the Order failed to comply with the essential requirements of law and violated her right of due process. We deny the petition challenging that portion of the Order requiring the Mother to submit to a psychological evaluation, and we dismiss, for lack of jurisdiction, the petition challenging that portion of the Order ordering a social investigation.

The parties are divorced and are the parents of two children, one of whom is a minor child with special needs. Commencing in November 2021, the parties filed competing motions for modification of their then-existing timesharing and parental responsibility agreement. Each party alleged that the other party is psychologically unequipped to care for their special needs son. Further, the Father alleged that the Mother sought to alienate his children from him, and the Mother alleged that the Father was an abusive parent.

To assist the trial court in adjudicating the parties' competing motions, the trial court appointed a Guardian ad Litem who recommended, among other things, that both parents undergo psychological evaluation. The Father

2

voluntarily agreed to be evaluated and, pursuant to Florida Family Law Rule of Procedure 12.360, filed a June 2022 motion seeking an order compelling the Mother to undergo a psychological evaluation. On August 28, 2022, the Father filed a supplemental motion that additionally sought the trial court to order a social investigation as authorized pursuant to section 61.20 of the Florida Statutes. Also on August 28, 2022, the Father set his motions for an August 30, 2022 hearing in a second amended notice of hearing.

At the August 30, 2022 hearing, the Mother's counsel objected to the trial court considering the Father's motion for a social investigation, arguing that the Father's motion requesting the social investigation, and the notice of hearing thereon, were filed a mere two days earlier. The trial court overruled the objection and conducted the hearing at which the Guardian ad Litem provided the principal testimony. In her testimony, the Guardian ad Litem recommended that the trial court order a social investigation with each parent undergoing a psychological evaluation as a component of the social investigation. On September 1, 2022, the trial court entered the Order, in which it ordered both a social investigation of the family pursuant to section 61.20 of the Florida Statutes, and psychological evaluations of both parents pursuant to rule 12.360.

3

In her certiorari petition to this Court, the Mother argues that we should quash this order because: (i) there is no competent, substantial evidence that the Mother's mental health is in controversy, as required by rule 12.360;[1] and (ii) the Mother was denied due process because she did not receive proper notice that the trial court would consider and compel a social investigation.

This Court has certiorari jurisdiction to review an order compelling a psychological evaluation. Pearson v. Pearson, 332 So. 3d 53, 54 (Fla. 3d DCA 2021). To obtain certiorari relief, though, the petitioner must establish that, in ordering the evaluation, the trial court departed from the essential requirements of law. Ludwigsen v. Ludwigsen, 313 So. 3d 709, 712 (Fla. 2d DCA 2020). In this case, the Mother has not made the required showing. In the Order, the trial court made sufficient findings, consistent with rule 12.360, that the Mother's mental health was in controversy and that good cause existed for a psychological evaluation. Wade v. Wade, 124 So. 3d 369, 375-76 (Fla. 3d DCA 2013). These findings are supported by the testimony of the

---

[1] In relevant part, rule 12.360 provides as follows: "A party may request any other party to submit to . . . examination by a qualified expert when the condition that is the subject of the requested examination is in controversy. . . . An examination under this rule is authorized only when the party submitting the request has good cause for the examination." Fla. Fam. L. R. P. 12.360(a)(1),(2).

Guardian ad Litem which constitutes competent, substantial evidence. See Young v. Hector, 740 So. 2d 1153, 1163 (Fla. 3d DCA 1998), on reh'g (July 14, 1999) (*en banc*). We therefore deny the Mother's petition to the extent that it challenges the Order requiring the Mother to undergo a psychological evaluation.

We dismiss for lack of jurisdiction the Mother's petition challenging the portion of the Order that orders a social investigation, pursuant to section 61.20(1). Presumably, in an attempt to establish the requisite irreparable harm for our exercise of certiorari jurisdiction, the Mother's petition asserts in conclusory fashion that the Mother was denied due process because the trial court ordered a social investigation a mere two days after the filing of the Father's supplemental motion. We have been provided no legal authority, however, that suggests a trial court must provide any notice to the parties prior to ordering a social investigation pursuant to section 61.20.[2] Indeed, Florida Family Law Rule of Procedure 12.364(b) expressly authorizes the trial court to order such an investigation on its own motion in any family law case (such as this one) "where the parenting plan is at issue because the parents are unable to agree. . . ." § 61.20(1), Fla. Stat. (2022). The Father's

---

[2] Certainly, a party has a due process right to receive and potentially challenge *the results* of a social investigation. See, e.g., J.D.C. v. M.E.H., 118 So. 3d 933, 935 (Fla. 2d DCA 2013).

motion on two days' notice asking the trial court to order a social investigation therefore does not in itself implicate a due process concern.

The Mother otherwise has not made a showing of how she was irreparably harmed simply by the trial court's ordering a social investigation in this case. Without any showing of irreparable harm, we are compelled to dismiss, for lack of jurisdiction, the Mother's petition challenging the portion of the Order that orders a social investigation. See Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014) ("The establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction.").[3]

Petition denied in part and dismissed in part.

---

[3] We note that a court may also compel a psychological evaluation of a party as part of a social investigation ordered pursuant to section 61.20(1). Oldham v. Greene, 263 So. 3d 807, 811 (Fla. 1st DCA 2018); see also Russenberger v. Russenberger, 639 So. 2d 963, 966 (Fla. 1994) ("A trial judge has the discretion to order a psychological evaluation pursuant to chapter 61. In such a case, the judge need not comply with the requirements of rule 1.360.").