PER CURIAM.
In Case No. 4D99-3389, Thomas R. Farese appeals the trial court’s denial of his motion to intervene as a plaintiff in trial court Case No. 98-6098-AE. In Case No. 4D00-1880, he appeals from the trial court’s denial of his “motion to join assign-ee as plaintiff.”
In the underlying action, Management Consultant Systems, Inc. (MCS) filed suit against Palm Beach Partners, Ltd. (PBP) and others. MCS alleged that through several assignments and option agreements, it became PBP’s general partner and acquired a seventy-five per cent ownership interest in the company that owned a parcel of commercial property. MCS alleged that it assumed the duties of general partner, including collecting rents from tenants, paying all mortgages and attending to maintenance. Thereafter MCS alleges that the sole limited partner directed the rents to be paid directly to him and not to MCS. MCS sought damages for conversion, civil theft, breach of contract, an accounting, declaratory judgment and ejectment of the defendants from the property. Appellant filed a pro se motion to intervene as a plaintiff in the pending litigation. He alleged that he “has a direct and immediate interest in the outcome of these proceedings by virtue of his interest in PBP by assignment of an interest in this lawsuit.” The trial court denied his motion without prejudice to his ability to show that he had standing to intervene. Eighteen days later he filed a renewed motion to intervene supported by a sworn affidavit. In his affidavit, he stated that as a result of an assignment from MCS, he owned a two per cent interest in PBP which he stood to lose should MCS lose its lawsuit against PBP. He also claimed that MCS was not competently and aggressively prosecuting the action. The trial court denied his motion to intervene. Thereafter, the trial court also denied his subsequently filed motion “to join assignee as plaintiffs.”
Appellant contends the trial court abused its discretion when it denied his motion to intervene and his motion to join as plaintiff. In Union Central Life Insurance Co. v. Carlisle, 593 So.2d 505 (Fla.1992), the Florida Supreme Court established a two-step analysis to decide whether a trial court should grant a motion to intervene:
First, the trial court must determine that the interest asserted is appropriate to support intervention. (Citation omit *421 ted.) Once the trial court determines that the requisite interest exists, it must exercise its sound discretion to determine whether to permit intervention. In deciding this question the court should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for conflicts or new issues, and any other relevant circumstance.
Second, the court must determine the parameters of the intervention ... Thus, intervention should be limited to the extent necessary to protect the interests of all parties.
Id. at 507-508. Further, In Stefanos v. Rivera-Berrios, 673 So.2d 12 (Fla.1996), the supreme court explained:
Florida Rule of Civil Procedure 1.260 provides that anyone claiming an interest in pending litigation may be permitted to assert a right by intervention. Generally, the interest which entitles a person to intervene must be shown to be in the matter in litigation. The interest must be direct and immediate and the intervenor must show that he or she will gain or lose by the direct legal operation and effect of the judgment. A showing of indirect, inconsequential or contingent interest is wholly inadequate.
Id. at 13. (Citation omitted.) Here, appellant was not claiming that he had an absolute right to intervene simply because he asserted minority ownership in PBP; rather, he alleged that if MCS lost its declaratory judgment and its ownership interest in PBP, he would directly lose his interest in PBP as well. He further argues that the trial court failed to consider his assertion that MCS was not competently and aggressively pursuing its lawsuit against PBP.
Appellees state that other than the allegations contained in appellant’s affidavit in support of his motion to intervene, appellant presented no evidence of the assignment of PBP stock to him or of his ownership interest in the corporation. Appellees further assert that appellant failed to establish that MCS is mishandling its lawsuit against PBP. Appellees’ arguments demonstrate the need for an evidentiary hearing to determine whether appellant in fact has an interest in PBP and, if so, whether his interest is sufficient under Carlisle and Stefanos to warrant allowing his intervention in the action, and to what extent.
We, therefore, reverse and remand this cause to the trial court with directions to conduct an evidentiary hearing on appellant’s motion to intervene. We affirm the denial of his motion to join assignee as plaintiff.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, GUNTHER and POLEN, JJ., concur.