931 So.2d 257 (2006)
Norma KASDORF, Appellant,
v.
Ronald KASDORF, Appellee.
No. 4D05-2934.
District Court of Appeal of Florida, Fourth District.
June 21, 2006.
*258 Jennifer Labbe of the Labbe Law Firm, P.A., West Palm Beach, for appellant.
Ronald Kasdorf, Lake Worth, pro se.
PER CURIAM.
The wife appeals a final judgment of dissolution awarding primary residential custody and the ultimate decision making authority concerning medical/dental decisions to the husband. Each side sought primary residential custody. There is record support for the award of primary residential custody to the husband. There was competent, substantial evidence to support the trial court finding that the wife, if awarded primary residential custody, would seek to sabotage the husband's visitation with the children, was not completely truthful to the doctor who performed a custody evaluation in describing her conduct and relationship with the children, and lacked the inclination to foster a loving relationship between the father and the children. Therefore, the court did not abuse its discretion in applying these findings to the statutory factors of section 61.13, Florida Statutes.
The wife raises an issue for the first time on appeal that the husband did not specifically plead to have the ultimate decision making authority over the children's medical and dental decisions. Nevertheless, the record supports the trial court's decision that "due to the acrimony *259 between the parties primarily caused by the wife and her unnecessarily taking the children to doctors for medical treatment, the husband shall have ultimate decision making authority concerning medical/dental decisions regarding both children."
Section 61.13, Florida Statutes, provides:
In ordering shared parental responsibility, the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child's welfare or may divide those responsibilities between the parties based on the best interests of the child. Areas of responsibility may include primary residence, education, medical and dental care, and any other responsibilities that the court finds unique to a particular family.
§ 61.13(2)(b)2.a., Fla. Stat.
We deem the cross-petitions for primary residential parenting, coupled with support for the decision in evidence, to be sufficient notice that the medical/dental decisions would be at issue. We cannot conclude on this record that there was either an abuse of discretion in awarding primary residential custody, or in giving the husband ultimate decision making medical/dental decisions. Therefore, the final judgment is affirmed.
POLEN and FARMER, JJ., concur.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I dissent as to the provision awarding sole responsibility concerning medical/dental decision on the authority of McKeever v. McKeever, 792 So.2d 1234 (Fla. 4th DCA 2001).