976 So.2d 1134 (2008)
Kenneth R. PFRENGLE, Appellant/Cross-Appellee,
v.
Paula K. PFRENGLE, n/k/a Paula D. Kay, Appellee/Cross-Appellant.
Paula K. Pfrengle, n/k/a Paula D. Kay, Appellant,
v.
Kenneth R. Pfrengle, Appellee.
Nos. 2D05-2175, 2D06-195, 2D05-2202.
District Court of Appeal of Florida, Second District.
January 16, 2008.
Rehearing Denied March 27, 2008.
*1135 David A. Maney and Patricia F. Kuhlman of Maney, Damsker, Jones & Kuhlman, P.A., Tampa, for Kenneth R. Pfrengle.
Joan LoBianco Walker of Joan LoBianco Walker, P.A., St. Petersburg, for Paula K. Pfrengle.
NORTHCUTT, Chief Judge.
Kenneth Pfrengle and Paula Kay were married briefly in the 1980s, then married each other again in 1996. Although their second effort was somewhat more successful than the first, it too ended with the filing of a divorce petition in 2001. The dissolution of this short-term marriage took another four and one-half years of litigation in the circuit court. It has generated two consolidated appeals and a cross-appeal challenging the terms of the final judgment, plus an appeal of the attorney's fee award. The latter case was previously consolidated with the others for record purposes only. Sua sponte, we now consolidate all of these cases for disposition. As discussed below, we affirm in part, reverse in part, and remand.
*1136 We first address the issues raised in Kay's cross-appeal because they affect our decision on some of the issues raised in Pfrengle's appeals. In her first issue, Kay challenges the trial court's classification of certain real properties as nonmarital assets belonging to Pfrengle. During the marriage Pfrengle purchased properties through several solely owned corporations. At issue here are five such properties. Pfrengle claimed them as his nonmarital assets based on his assertion that they were acquired with proceeds from the sales of properties he owned prior to the marriage. Kay countered that the properties were marital assets because the funds with which they were purchased were marital. In the final judgment, the trial court ruled for Pfrengle on this issue, but we must reverse.
Essentially Pfrengle's position is that the properties he purchased during the marriage must be nonmarital because the sum of their purchase prices was less than the sum of the proceeds from his sales of premarital properties during the marriage. The problem with this argument is that he did not maintain the sales proceeds separately. Rather, he deposited the proceeds into a personal account into which he also deposited commissions he earned during the marriage from work as a sales representative. Although Pfrengle maintained separate accounts for the various corporations, it was undisputed that he transferred money to and fro among all of the accounts.
Money is fungible, and once commingled it loses its separate character. Belmont v. Belmont, 761 So.2d 406, 408 (Fla. 2d DCA 2000). Pfrengle argues that commingling can occur only when funds are deposited in a joint account, but we reject this argument because title alone does not determine whether an asset is marital or nonmarital. "Even if an account is titled in one spouse's name alone, it may become marital if both marital and nonmarital funds are commingled in that account." Steiner v. Steiner, 746 So.2d 1149, 1150 (Fla. 2d DCA 1999).
When Pfrengle commingled marital and nonmarital funds in his personal account, all the funds in that account lost their separate nonmarital character. When he transferred funds from his personal account into the accounts he maintained for his corporations, the funds in the latter accounts also became commingled such that it must be said that marital funds were used to purchase the properties at issue. Thus the properties bought during the marriage are marital assets. See § 61.075(5)(a)(1), Fla. Stat. (2000) (defining marital assets as those acquired by spouses during the marriage either individually or jointly). Accordingly, we reverse the trial court's classification of these properties as nonmarital assets. On remand, they must be classified as marital assets and the equitable distribution must be revised accordingly.
In Kay's second issue on cross appeal, we find no abuse of discretion in the denial of her claim for bridge-the-gap alimony. We affirm this ruling without further discussion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
We turn now to the issues raised by Pfrengle in his first appeal. First, he challenges the trial court's decision to equally divide the marital assets. "[T]he court must begin with the premise that the distribution [of marital assets and liabilities] should be equal, unless there is a justification for an unequal distribution based on all relevant factors. . . ." § 61.075(1) (stating nonexclusive list of factors for court's consideration in fashioning equitable distribution); see Robertson v. Robertson, 593 So.2d 491, 493 (Fla.1991) ("Because equitable distribution is premised on the theory of an equal partnership in marriage, the *1137 court should begin this task on the premise that each spouse is entitled to receive an equal division."). When discussing the court's broad discretion in marital dissolution proceedings, the supreme court has explained that the court must use its authority to do equity between the parties. Canakaris, 382 So.2d at 1202. Because we are remanding for the trial court to revise the equitable distribution based on our resolution of Kay's cross-appeal, we leave open the prospect of an unequal distribution. Thus we affirm the first issue raised by Pfrengle without prejudice to his renewing the argument below.
We also affirm on Pfrengle's second issue, in which he challenges the trial court's determination that two parcels of jointly titled property were marital assets. By statute, the joint titling of these properties gave rise to a presumption that Pfrengle gifted interests in them to Kay. See § 61.075(5)(a)(5). Given the conflicting evidence, we cannot say that the court abused its discretion in ruling that Pfrengle failed to overcome that presumption.
We agree with Pfrengle on his third issue, and we reverse the trial court's finding that Kay's bank account was her nonmarital asset. The evidence showed that Kay commingled marital earnings with other money in this account. For this reason, the account must be classified as a marital asset under the same analysis we have applied to Pfrengle's accounts and the properties bought with funds from those accounts.
The fourth issue raised by Pfrengle concerns an asset referred to as the Howe note. We affirm the trial court's decision to classify this note as a marital asset because the evidence showed that it was purchased with commingled, and thus marital, funds.
We also affirm without discussion the issues raised in the consolidated appeal, case number 2D06-195, concerning various awards of interest. But we do so without prejudice to the trial court's ability to reconsider these awards when fashioning a revised equitable distribution scheme on remand.
Finally, we take up Kay's appeal of the final order awarding her attorney's fees and costs. The parties' arguments concerning the amount awarded demonstrate that the order is ambiguous. Pfrengle was ordered to "pay a total amount of $25,000" toward Kay's fees and costs. The court had earlier required him to pay Kay's interim fees and costs in the approximate amount of $17,000. It is not clear from the final order whether the $25,000 award was meant to include the interim payment or was to be in addition to that payment. Therefore, we must reverse the fees order and remand for further proceedings.
In any event, the primary factor that a court should consider when awarding fees and costs is the financial resources of both parties. § 61.16; Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997). These awards are governed by equity and by basic rules of fairness. Rosen, 696 So.2d at 700. Because we are reversing the equitable distribution, the parties' respective financial situations will likely change. Accordingly, after refashioning the equitable distribution on remand, the court may reconsider the amount of fees and costs to be awarded to Kay. At this point, we need not decide whether, as Kay contends, the court erred in awarding her less than all of the fees and costs she sought.
Affirmed in part, reversed in part, and remanded.
CANADY, J., and MENENDEZ, MANUEL, JR., Associate Judge, Concur.