LaROSE, Judge.
Mitsu Capote, the former wife, appeals the final judgment of dissolution of her marriage to Frank Alfonso Capote, the former husband. He cross-appeals. They each dispute various aspects of the trial court’s equitable distribution of marital assets and debts. We affirm, in part, reverse, in part, and remand for further proceedings.
By way of background, we know that the parties married in California in 1989 when the former husband worked in his family’s dry-cleaning business. The former husband’s father sold the business in 1990 and moved to Tampa. The parties also moved to Tampa where the former husband bought a Tampa dry-cleaning business and named it A1 Capote’s Dry Cleaning, Inc. The parties married in 1996 and separated in 2008.

Gulf Boulevard and Bradford Avenue Properties

The parties owned various properties they acquired during the marriage. They dispute the equitable distribution of the Gulf Boulevard and Bradford Avenue properties. The equitable distribution schedule incorporated in the final judgment assigned to the former husband the entire value of these parcels as well as the entire amount of the outstanding mortgages. But the parties owned only a fifty-percent interest in each property and were responsible for only one-half of each mortgage. On the former husband’s motion for rehearing, the trial court reduced these awards to one half of their values. Unfortunately, the trial court failed to correspondingly reduce the mortgage amounts by half. The former wife asks us to reverse and remand for the trial court to correct this apparent oversight.
The former husband concedes that the trial court erred in assigning to him the entire mortgage amounts. He notes, and we agree, that the trial court also failed to reduce by half the $11,402 property tax liability on the Bradford Avenue property. We reverse and remand for the trial court to correct the equitable distribution of these two properties.

Business as Marital Asset

On cross-appeal, the former husband argues that the trial court erred in ruling that A1 Capote’s Cleaners is a marital asset. First, he claims that his father contributed $75,000 towards the down payment and owned fifty percent of the business pursuant to an oral agreement. The *1155 trial court was unconvinced. No documents memorialized the father’s interest in the business. The business was incorporated by the former husband in his sole name. Neither business records nor tax returns reflected the father’s alleged interest. The parties’ joint accountant testified that, as far as he knew, the former husband was the sole owner. As for the alleged contribution towards the down payment, the trial court concluded that it was a gift. No documentary evidence supported the former husband’s claim on this point. We cannot say that the trial court erred. Thus, we must affirm on this issue.
Second, the former husband contends that most of the value of the business is premarital because he bought the business before the marriage. “We review de novo the characterization of an asset as marital or nonmarital.” Tradler v. Tradler, 100 So.3d 735, 738 (Fla. 2d DCA 2012) (citing Fortune v. Fortune, 61 So.3d 441, 445 (Fla. 2d DCA 2011)). The trial court ruled that any nonmarital portion of the business value lost its separate non-marital character because the former husband consistently used the business operating account to pay the family’s personal expenses. See Pfrengle v. Pfrengle, 976 So.2d 1134, 1136 (Fla. 2d DCA 2008) (“Money is fungible, and once commingled it loses its separate character.”) (citing Belmont v. Belmont, 761 So.2d 406, 408 (Fla. 2d DCA 2000)). We find no error and affirm on this point.

Valuation of Business

The former husband contends that the trial court erred in valuing A1 Capote’s Cleaners, which was awarded to him in the equitable distribution. Neither party hired an appraiser. The former wife valued the business property on Seventh Avenue at $275,000. The former husband testified that it was worth $220,000. The trial court assigned a $275,000 value and subtracted a $60,000 mortgage, for a net value of $215,000. The parties agreed that the Twenty-First Street property was worth $100,000. Subtracting its debt netted a value of $64,201. Thus, the combined value was $279,000. The trial court then added $80,233 in good will as listed on an August 2009 balance sheet. This resulted in a total valuation of $359,201. Competent, substantial evidence supports the trial court’s valuation. See Beaty v. Gribble, 652 So.2d 1156, 1158 (Fla. 2d DCA 1995) (holding property owner’s testimony is competent evidence of its value). Therefore, we affirm on this issue.
We do note a minor error in the valuation; the actual total of the trial court’s calculation should be $359,434, rather than $359,201. On remand, the trial court shall correct this small miscalculation.

Insurance Proceeds

The trial court awarded the former husband $72,917 in insurance proceeds from a home burglary. The former husband argues that the trial court erred because (1) these funds were depleted before the final hearing for family and business expenses and (2) because $62,917 of the proceeds covered his premarital property. The trial court found that the former husband deposited these proceeds into the business account without the former wife’s knowledge or consent and spent it. If a spouse’s misconduct resulted in the dissipation of a marital asset, it is proper to assign the dissipated asset to the spending spouse. Levy v. Levy, 900 So.2d 737, 746 (Fla. 2d DCA 2005). The record supports the trial court’s ruling and we affirm on this issue.

Loan

The former husband argues that the trial court erred in awarding him, as a contingent asset, the total amount of a *1156 $55,000 loan he made to a Mr. Villa against the former wife’s wishes when the final judgment states that the former wife is entitled to one half of any repayment. By assigning the entire “asset” and its risk of nonrepayment to the former husband, and then equally dividing the parties’ total assets and liabilities, the trial court effectively awarded the former wife $27,500 in other assets in place of her half of any loan repayment. To resolve the conflict between the equitable distribution schedule and the statement in the final judgment, the trial court on remand should remove the conflicting statement.

Credit Card Debt

The trial court did not include American Express and Chase credit card debt in the equitable distribution. The final judgment states that the court declined to do so because the cards had minimal balances at the time of filing and the former husband used them for both business and personal expenses. We cannot say that the trial court erred on this issue and, thus, affirm.

Conclusion

We reverse the final judgment and remand for the trial court to correct the equitable distribution schedule to reflect the liability reductions for the Gulf Boulevard and Bradford Avenue properties, to correct the $233 mistake in the value of Al Capote’s Cleaners, and to remove the statement that the former wife is entitled to one half of any repayment of the Villa loan. In all other respects, we affirm the final judgment.
Affirmed in part, reversed in part, and remanded.
WALLACE and MORRIS, JJ„ Concur.