DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SOUTHERN COMFORT GRILL, INC.,**
Appellant,

v.

**HANKS CONSTRUCTION, LLC; NICK NICO, JR.;** and **BARBARA J. NICO,**
Appellees.

No. 4D13-3972

[January 7, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312013CA000055.

Robert J. Gorman and John S. Penton, Jr. of Robert J. Gorman & Associates, P.A., Fort Pierce, for appellant.

Brian M. Hoag of Boss, Arrighi & Hoag, P.L., St. Petersburg, for appellee Hanks Construction, LLC.

CIKLIN, J.

Appellant, Southern Comfort Grill, Inc. ("the grill"), challenges a trial order denying its motion to intervene and join as a counterclaimant on the singular basis that the movant, the grill, "has not shown an interest that is indispensable." Because indispensability is not the full and proper legal standard by which to consider a motion to intervene, we must reverse and remand for further proceedings.

The grill operates a restaurant located within a commercial center in Vero Beach, Florida. The business is owned by the defendants below, Nick Nico, Jr. and Barbara Nico, who entered into an oral contract with Hanks Construction, LLC ("Hanks"), the plaintiff below, under which Hanks was to make improvements to the leasehold property to make it suitable for the grill's operations. After not receiving the payment allegedly agreed upon, Hanks recorded a mechanic's lien on the property and filed an action for breach of contract and foreclosure of its lien against Mr. and Mrs. Nico in their personal capacities. The restaurant's

corporate entity, the grill, moved to intervene in the action, contending that its principal place of business was the subject of the lien and that it was the real party at interest because the Nicos were acting as its agents when the agreement was made between the parties. The trial court denied the grill's motion, finding that the grill "has not shown an interest that is indispensable."

In determining whether to grant a motion to intervene, the trial court must first determine if the intervenor's purported interest entitles it to intervene:

> [T]he interest which will entitle a person to intervene . . . must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.

*Union Cent. Life Ins. Co. v. Carlisle*, 593 So. 2d 505, 507 (Fla. 1992) (quoting *Morgareidge v. Howey*, 78 So. 14, 15 (Fla. 1918)).

After concluding that the party's interest is appropriate to support intervention, the trial court "must [then] exercise its sound discretion to determine whether to permit intervention." *Id.* "In deciding this question the court should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for conflicts or new issues, and any other relevant circumstance." *Id.* at 507-08.

It appears that the trial court did not engage in the complete analysis required for intervention and instead accepted Hanks' bare argument that a party's interest must simply be indispensable. The grill correctly argues that the proper and controlling standard for intervention is not whether the party seeking to intervene is indispensable in the simple and literal meaning of the word, but more directly, whether the party's interest in the litigation is of a direct and immediate character, as determined by the complete analysis enunciated by the Florida Supreme Court.

"[A] misconception by the trial judge of a controlling principle of law can constitute grounds for reversal." *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) (citations omitted). Consequently, we reverse the order and remand the case for findings and

analysis under the proper legal principle.

*Reversed and remanded with instructions.*

CONNER and FORST, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

3