DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOYCE GENAUER, ROCHELLE KEVELSON** and **TIKVAH LYONS,**
Appellants,

v.

**DOWNEY & DOWNEY, P.A.,** and **BRANCH BANKING AND TRUST COMPANY,** as Successor Trustee of the Reformed Stern Living Trust and the Sub-Trusts created thereunder, and as Curator of the Estate of Idelle Stern,
Appellees.

No. 4D14-3004

[January 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John L. Phillips, Judge; L.T. Case No. 2014CP001475XXXXNB.

Robert A. Stok and Daniel Brennan of Stok Folk + Kon, Aventura, for appellants.

Edward Downey of Downey & Downey, P.A., Palm Beach Gardens, for appellees.

MAY, J.

We are asked in this appeal when limitations in an order granting intervention become a de facto denial of the motion to intervene. The beneficiaries of a Trust argue that the trial court's limitations in the order granting their intervention is in essence a denial. We agree and reverse.

The beneficiaries of the Trust are the children of the settlors. When their father, one of the settlors, died in 2004, Oppenheimer Trust Company was appointed as co-trustee of the Trust with their mother. When the mother became incapacitated, Oppenheimer became the sole trustee. Eventually, the beneficiaries and the mother's guardian agreed to discharge Oppenheimer as trustee. The beneficiaries' legal counsel ("SFK") was appointed as *ad litem* for the mother in connection with future litigation against Oppenheimer.

Oppenheimer was discharged as trustee based on misconduct allegations. Oppenheimer retained Downey & Downey, P.A. ("Downey"), to represent it in objecting to its discharge. BB&T became the successor trustee.

On Oppenheimer's behalf, Downey filed a trust accounting action in Miami-Dade County against the beneficiaries, the guardian, and BB&T. That action requested the court approve Oppenheimer's final accounting of the Trust assets and requested an award of Downey's attorney's fees and costs from the Trust assets. Downey also prosecuted appeals stemming from the accounting action.

Ultimately, Oppenheimer replaced Downey with new counsel. Oppenheimer issued checks from the Trust to pay for a portion of Downey's attorney's fees, but BB&T successfully obtained an order for Downey to return all monies because the payments had been made without court authorization.

Upon the mother's death, the beneficiaries instituted an estate action in Miami-Dade County; the beneficiaries and one of their siblings filed competing petitions for administration of their mother's estate. The Trust provided that upon the mother's death, the corpus was to be distributed to the beneficiaries in accordance with the mother's will. In that action, the court appointed BB&T as limited curator of the mother's estate.

Downey then commenced an action against BB&T in its capacity as the successor trustee of the Trust and curator of the mother's estate in Palm Beach County Circuit Court. Downey alleged three counts in its amended complaint: (1) payments due under an attorney's fees contract, (2) attorney's fees for services to the Trust, and (3) damages for malicious prosecution. Downey alleged it was retained by Oppenheimer when it was sole trustee of the Trust to provide services related to day-to-day Trust administration; the interplay between the Trust and the mother's guardianship; the rights of the Trustee to have its accounting approved; and defending against the discharge of Oppenheimer as Trustee, which included work in both the trial and appellate courts.

Downey alleged it rendered services from November 18, 2011, through April 2012, which benefited the Trust and the settlors. Downey sought $132,627.50 in attorney's fees. It also sought an additional $20,000, which is the amount spent on counsel to defend against BB&T's emergency motion seeking the return of the money Oppenheimer paid from the Trust for legal services. As a result of the action, SFK was appointed by the probate court in Miami-Dade County to serve as an *ad litem* to the

2

mother's estate against Downey's lawsuit.

Downey then moved to file a second amended complaint to drop BB&T in its capacity as curator for the mother's estate as a defendant. BB&T remained a defendant only in its capacity as the Trust's successor trustee. SFK, as the *ad litem* for the mother's estate and the beneficiaries' counsel, filed a response in opposition; moved to strike the second amended complaint as a sham; and moved to dismiss the second amended complaint for failure to state a cause of action, failure to join an indispensable party, and for improper venue. BB&T joined in the motions. Downey moved to strike SFK's response and motions to strike and dismiss on the basis that neither SFK nor its clients are parties to the litigation.

The beneficiaries then responded to Downey's motion to strike and moved to intervene. The beneficiaries argued that they are the real parties in interest, not BB&T, because the corpus of the Trust belongs to them. They argued that a judgment in the action would affect their inheritance. They also requested to intervene because Downey's claims were adverse to their interests.

Downey responded to the beneficiaries' motion to intervene arguing that BB&T, as the sole trustee, is the only indispensable party that represents the Trust's interests and is charged with defending and protecting the Trust and its beneficiaries. Downey also argued that BB&T can adequately protect the interests of the beneficiaries because their interests are aligned. The beneficiaries replied they are permitted to intervene in a suit as a matter of right where the trustee is a party. They have a direct and immediate interest in the litigation, have standing to defend, and are the proper persons to defend against the action.

The trial court permitted Downey to amend its complaint for the second time, but reserved jurisdiction to determine the issues presented in SFK's response and motions to strike and dismiss. The court then entered an order granting in part and denying in part the motion to intervene. The order stated:

> As to [the beneficiaries], the Alternative Request to Intervene is Granted however, such intervention is subordinate to Defendant BB&T, as Successor Trustee of the subject Trusts. [The beneficiaries] are not indispensable parties. Their interests are and will be fully protected by Defendant BB&T. Accordingly, [the beneficiaries] shall not have status as a party and shall not file any motion, answer, counterclaims, or engage in any discovery.

3

The trial court granted Downey's motion to strike SFK's motions to strike and to dismiss based on its order granting the beneficiaries' limited intervention. A few months later, the court granted BB&T's motion to transfer the case to Miami-Dade County.

From the trial court's order on the beneficiaries' motion to intervene, the beneficiaries now appeal.

"We review an order denying a motion to intervene for abuse of discretion." *De Sousa v. JP Morgan Chase, N.A.*, 170 So. 3d 928, 929 (Fla. 4th DCA 2015).

Florida Rule of Civil Procedure 1.230 provides: "Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." Fla. R. Civ. P. 1.230. "In determining whether to grant a motion to intervene, the trial court must first determine if the intervenor's purported interest entitles it to intervene." *S. Comfort Grill, Inc. v. Hanks Constr., LLC*, 162 So. 3d 144, 145 (Fla. 4th DCA 2015).

> [T]he interest which will entitle a person to intervene . . . must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.

*Union Cent. Life Ins. Co. v. Carlisle*, 593 So. 2d 505, 507 (Fla. 1992) (omission in original) (quoting *Morgareidge v. Howey*, 78 So. 14, 15 (Fla. 1918)).

"After concluding that the party's interest is appropriate to support intervention, the trial court 'must [then] exercise its sound discretion to determine whether to permit intervention.'" *S. Comfort Grill, Inc.*, 162 So. 3d at 145 (alteration in original) (quoting *Carlisle*, 593 So. 2d at 507). "In deciding this question the court should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for conflicts or new issues, and any other relevant circumstance." *Id.* (quoting *Carlisle*, 593 So. 2d at

4

507–08). Then, "the court must determine the parameters of the intervention. . . . Thus, intervention should be limited to the extent necessary to protect the interests of all parties." *Farese v. Palm Beach Partners, Ltd.*, 781 So. 2d 419, 421 (Fla. 4th DCA 2001) (omission in original) (quoting *Carlisle*, 593 So. 2d at 507–08)).

We agree with the Second District that "[t]he beneficiaries of a trust are permitted to so intervene in a suit where the trustee is a party, . . . and he desires to secure its proper administration and distribution." *Buerki v. Lochner*, 570 So. 2d 1061, 1063 (Fla. 2d DCA 1990) (omission in original) (citation omitted) (internal quotation marks omitted).

Here, the beneficiaries could lose over $150,000 of their inheritance from the Trust if Downey is successful in his lawsuit against BB&T. For that reason, their interest in the matter in litigation is "of such a direct and immediate character that [they] will . . . lose by the direct legal operation and effect of the judgment." *Carlisle*, 593 So. 2d at 507.

Since the beneficiaries had the appropriate interest to intervene, the issue transcends to the limitations placed on them by the trial court's order. Were the limitations so burdensome they amounted to a de facto denial of their motion to intervene? The answer is yes.

The order granting permission for the beneficiaries to intervene prohibited the beneficiaries from filing "*any* motion, answer, counterclaims, or engage in any discovery." (Emphasis added). This allowed the beneficiaries to monitor the case, but prevented them from taking any action.

The beneficiaries argue that BB&T cannot adequately protect their interests, and while BB&T owes them a fiduciary duty to defend the corpus of the Trust,[1] its action to protect the corpus of the Trust may conflict with

---

[1] Section 736.0816, Florida Statutes (2014), provides for the specific powers of a trustee which include to:

> . . . .
> (14) Pay or contest any claim, settle a claim by or against the trust, and release, in whole or in part, a claim belonging to the trust.
> . . . .
> (23) Prosecute or defend, including appeals, an action, claim, or judicial proceeding in any jurisdiction to protect trust property or the trustee in the performance of the trustee's duties.

§ 736.0816(14), (23), Fla. Stat.

their interests.  We agree.

Trial courts have discretion to limit the extent to which intervenors may participate in proceedings.  *Farese*, 781 So. 2d at 421.  However, when that limitation completely bars the intervenors from addressing their concerns, it is an abuse of the trial court's discretion.

The trial court correctly granted the beneficiaries' motion to intervene, but abused its discretion when it limited their ability to meaningfully participate in the proceedings.  The court snatched victory from the jaws of defeat by unduly restricting the beneficiaries' participation in the litigation.  We therefore reverse the order effectively denying the beneficiaries' request to intervene and remand for further proceedings.

*Reversed.*

GROSS and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

6