DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRUCE L. SALITURI,**
Appellant,

v.

**SUSAN A. SALITURI,**
Appellee.

No. 4D15-1258

[February 17, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Laura M. Watson, Judge; L.T. Case No. FMCE 12-09325 (42)(97).

Nancy Little Hoffman of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellant.

Kim A. Marjenhoff of Kim A. Marjenhoff, P.A., Fort Lauderdale, for appellee.

GROSS, J.

We agree with the husband that the "numerous errors committed by the trial court in this case, both singly and in combination, require that the final judgment be reversed." We note that the trial judge is no longer on the bench, so the parties will have to start from scratch with a new judge. Too many of the contested issues involve credibility and one fact finder should make all such determinations.

The trial court awarded the wife sole decision making authority over the child's extracurricular activities, health care, and education. In her pleadings, the wife requested sole decision making authority over just the child's extracurricular activities. The wife's evidence at trial concerned issues with out-of-school activities and addressed her concern that the child "gain the benefit of learning to be with other kids on a team." The trial court's ruling on this issue went beyond anything requested in the pleadings and beyond the evidence presented at trial. *See McDonald v. McDonald,* 732 So. 2d 505, 506 (Fla. 4th DCA 1999); *Krift v. Obenour,* 152 So. 3d 645, 647-48 (Fla. 4th DCA 2014); *cf. Kasdorf v. Kasdorf,* 931 So. 2d

257, 258-59 (Fla. 4th DCA 2006) (holding that the record supported the trial court's ruling that the husband have "ultimate decision making authority" over children's medical and dental decisions).

On the contested issue of the husband's income, the trial court told the wife's attorney to draft a final judgment finding that there was "reoccurring family contributions and income that's going to continue in the future." The court told the lawyer to "make fact findings as to the amount" based on the evidence and the testimony, and wondered, "I don't know how good your notes are." This went beyond the procedure condemned by the Supreme Court in *Perlow v. Berg-Perlow*, 875 So. 2d 383, 389 (Fla. 2004), where the Court found that the trial judge created the "appearance" that he "did not independently make factual findings and legal conclusions." The judge in this case did more than create a poor appearance, she turned her fact finding responsibility over to the former wife's attorney. It was as if the judge were unable to critically evaluate the evidence. On remand, in addressing the likelihood of the husband's father continuing to make gifts to the husband, the court should discuss the father's age (94+), finances, past gifts, and future gifting intent instead of relying on inferences from the husband's financial affidavit to arrive at the number of $30,480 per year. *See Oluwek v. Oluwek*, 2 So. 3d 1038, 1039 (Fla. 2d DCA 2009); *Vorcheimer v. Vorcheimer*, 780 So. 2d 1018, 1019 (Fla. 4th DCA 2001).

Because the husband's income must be revisited, the child support order cannot stand.

On equitable distribution, the trial court made a number of errors, including: (1) The trial court failed to value all of the assets and debts, contrary to section 61.075(3), Florida Statutes (2014); (2) The trial court found that the husband's corporation was not a marital asset because the wife was "not an officer" and had "no ownership interest in the corporation." A corporation can be a marital asset even though one spouse is the sole incorporator. *See Capote v. Capote*, 117 So. 3d 1153, 1155 (Fla. 2d DCA 2013); *Levy v. Levy*, 862 So. 2d 48, 52 (Fla. 3d DCA 2003); (3) The trial court failed to take into consideration the existence of a $15,000 lien on a Corvette; the wife's testimony and financial affidavit acknowledged the existence of the lien. The court said there was no "evidence whatsoever" about the lien and abused her discretion by refusing to allow the husband to briefly reopen his case to offer lien documents about which there was no dispute. *See Grider-Garcia v. State Farm Mut. Auto.*, 73 So. 3d 847, 849 (Fla. 5th DCA 2011); *Amador v. Amador*, 796 So. 2d 1212, 1212 (Fla. 3d DCA 2001); (4) The trial court erroneously ordered that the Delray Beach rental property be sold. The husband's father owned 50% of the unit. The court did not have jurisdiction to adjudicate the property rights of the father, who was not a party to the dissolution action. *See*

*Matajek v. Skowronska,* 927 So. 2d 981, 985 (Fla. 5th DCA 2006); (5) The trial court erroneously ordered partition of the marital home depending on the outcome of a foreclosure appeal. There was no pleading seeking partition and the husband did not acquiesce to it at trial. *See Reyes v. Reyes,* 714 So. 2d 646, 647 (Fla. 4th DCA 1998).

We remand to the circuit court to reconsider all issues except its jurisdiction and the fact that the marriage is irretrievably broken.

WARNER and LEVINE, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***