IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL LARRY STURMS, Former Husband, CONTINENTAL FINANCIAL SERVICES, LLC, WORLDWIDE FINANCIALS, LLC, and CONTINENTAL DEVELOPMENT, LLC,

Appellants,

v.

CATHERINE ELIZABETH STURMS, Former Wife,

Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4242

Opinion filed August 21, 2017.

An appeal from the Circuit Court for Duval County.
Elizabeth A. Senterfitt, Judge.

Rebecca Bowen Creed of Creed & Gowdy, P.A., Jacksonville, for Appellants.

Michael J. Korn of Korn & Zehmer, P.A., Jacksonville and S. Denise Watson of the Law Office of Denise Watson, Jacksonville, for Appellee.

PER CURIAM.

Michael Larry Sturms ("Husband") appeals the trial court's final judgment of

dissolution of his marriage to Catherine Elizabeth Sturms ("Wife"), raising four

issues. We find merit in his arguments that the trial court erred in including the value of the 2014 Jaguar F-Type as both a stand-alone asset and in the adjusted cash amount, and in its allocation of assets owned by Continental Financial Services, LLC ("Financial Services"), in devising the equitable distribution scheme. We reverse the final judgment and remand for the trial court to correct the equitable distribution schedule consistent with this opinion. In all other respects, we affirm the final judgment.

Wife filed the petition for dissolution in March 2013, after almost fourteen years of marriage. Husband is the sole shareholder and owner of three companies: Worldwide Financials, LLC ("Worldwide"); Continental Development, LLC ("Development"); and Crude Oil & Gas, Inc. ("Crude Oil"). Financial Services is a partnership between William Pierce and Worldwide, a company wholly owned by Husband. Wife asked the trial court to designate the property and assets held by Worldwide, Development, Crude Oil, and Financial Services as marital.

The parties owned various properties, vehicles, and businesses they acquired during the marriage. Husband disputes the equitable distribution of Crude Oil's assets, including the 2014 Jaguar F-Type and the assets of Financial Services, due to his status as a fifty-percent shareholder. The equitable distribution schedule incorporated into the final judgment assigned to Husband an adjusted cash amount of $776,752. The value of adjusted cash included $578,000 earned by Crude Oil. In

addition to the adjusted cash amount, the 2014 Jaguar F-Type, purchased with Crude Oil funds, was credited against Husband in the amount of $75,750. The equitable distribution assigned to Wife the Tortuga Lot and the Ameritrade Account, which are assets of Financial Services.

*Crude Oil as Marital Asset*

Husband contends that the trial court erred in valuing Crude Oil as a marital asset when calculating the adjusted cash amount. "We review a trial court's characterization of an asset as marital or nonmarital de novo and any factual findings necessary to make this legal conclusion for competent, substantial evidence." *Dravis v. Dravis*, 170 So. 3d 849, 852 (Fla. 2d DCA 2015) (citing *Tradler v. Tradler*, 100 So. 3d 735, 738 (Fla. 2d DCA 2012)).

*A. Alleged Commingling of Crude Oil Funds into Marital Accounts*

Husband argues that the value of Crude Oil, and its primary asset, the drilling rights, is premarital because he acquired the business and drilling rights long before the parties married. "Nonmarital assets may lose their nonmarital character and become marital assets where, as here, they have been commingled with marital assets." *Id.* (citing *Abdnour v. Abdnour*, 19 So. 3d 357, 364 (Fla. 2d DCA 2009)). "Money is fungible, and once commingled it loses its separate character." *Pfrengle v. Pfrengle*, 976 So. 2d 1134, 1136 (Fla. 2d DCA 2008) (citing *Belmont v. Belmont*, 761 So. 2d 406, 408 (Fla. 2d DCA 2000)). When nonmarital funds are commingled

3

with marital funds, the nonmarital funds become marital funds and therefore are subject to equitable distribution. *See Heinrich v. Heinrich*, 609 So. 2d 94 (Fla. 3d DCA 1992) (holding that funds from nonmarital sources are treated as marital funds for the purposes of equitable distribution when they are placed in a trust along with a family checking account in which the husband deposits his income).

Although Husband is correct that Crude Oil's primary asset, the deep-oil drilling rights, originated as a nonmarital asset, the record evidence supports the trial court's factual finding that the proceeds from the sale of the drilling rights were commingled when Crude Oil funds were loaned to Development, causing them to lose their nonmarital character, despite the eventual return of the funds to a Crude Oil account. The earnings of Crude Oil are therefore marital assets. Thus, the trial court correctly assigned to Husband the $578,000 earned by Crude Oil in the adjusted cash amount.

### B. 2014 Jaguar F-Type

Despite correctly characterizing Crude Oil funds as martial assets, the trial court erred in calculating the 2014 Jaguar F-Type twice, both as a separate asset and in the adjusted cash amount assigned to Husband through Crude Oil. Husband purchased the 2014 Jaguar F-Type with Crude Oil funds from the sale of the drilling rights. The trial court included the value of the 2014 Jaguar F-Type in calculating the adjusted cash amount of $578,000. Because the value was already included in

4

the adjusted cash amount, the trial court erred in assigning $75,750 for the 2014 Jaguar F-Type to Husband.

*Valuation of Financial Services*

Husband argues that the trial court erred in awarding Wife exclusive right and title to the Tortuga Lot and the Ameritrade account, assets owned by Financial Services. Husband alleges that any interest in Financial Services should have been limited to Husband's fifty-percent share of ownership in Financial Services.

In *Capote v. Capote*, the Second District found that there was no evidence to support the husband's claim that his business was a nonmarital asset. 117 So. 3d 1153 (Fla. 2d DCA 2013). The husband argued that his father contributed money towards the down payment of the business, and owned fifty percent of the business pursuant to an oral agreement. *Id*. at 1154. There were no documents memorializing the father's interest in the business, the business was incorporated solely in the husband's name, and the tax returns did not reflect the father's interest. *Id*. at 1155. Additionally, the parties' joint accountant testified that the husband was the sole owner of the business. *Id*. Therefore, the Second District upheld the trial court's decision to classify the business as a marital asset because no evidence supported the husband's claim. *Id*.

In this case, the evidence supported Husband's claim that Financial Services is owned equally by Pierce and Worldwide, Husband's wholly-owned company. At

5

the final hearing on April 27, 2015, Wife stated that she would not be asking the trial court to determine Financial Services as a full marital asset, but only the fifty-percent owned by Husband, as the other fifty-percent was owned by Pierce. Both Wife and Husband's separate accountants testified as to Husband's fifty-percent ownership interest of Financial Services. The deposition of Pierce was admitted, which outlined the fifty-percent ownership agreement. In addition, the tax records of Financial Services reflected a fifty-percent ownership agreement.

The trial court did not have jurisdiction to adjudicate the property rights of Pierce, who was not a party to the dissolution action. *See Salituri v. Salituri*, 184 So. 3d 1250, 1252 (Fla. 4th DCA 2016); *Matajek v. Skowronska*, 927 So. 2d 981, 985 (Fla. 5th DCA 2006); *Ray v. Ray*, 624 So. 2d 1146, 1148 (Fla. 1st DCA 1993). Thus, the trial court erred in distributing the full value of assets owned by Financial Services, specifically, the Tortuga Lot, a piece of real property titled to Financial Services, and an Ameritrade account to Wife.

*Conclusion*

Because we conclude that the trial court erred in calculating the 2014 Jaguar F-Type as adjusted cash and a separate marital asset, and erred in awarding Financial Services' assets to Wife, the trial court will have to address the equitable distribution of the parties' assets on remand. As such, we affirm in part, reverse in part, and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

OSTERHAUS, BILBREY, and WINOKUR, JJ., CONCUR.