# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-393
Lower Tribunal No. 13-24744
_____


**María Soledad Larraín Troncoso, et al.,**
Appellants,

vs.

**Manuel Antonio Ossandón Larraín,**
Appellee.



An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Akerman, LLP, and Luis A. Perez, Sandra J. Millor, Jenny Torres, and Kristen M. Fiore (Tallahassee), for appellants.

Harper Meyer, and Patrick J. O'Connor, Patricia M. O'Connor and Bryan Morera, for appellee.


Before EMAS, C.J., and LOGUE and HENDON, JJ.

EMAS, C.J.

Maria Soledad Larraín Troncoso, Real State Golden Investments Inc., and Bernardo Ossandón Larraín, appeal the trial court's order summarily denying Maria Soledad Larraín Troncoso's motion to intervene pursuant to Florida Rule of Civil Procedure 1.230. That rule provides:

> Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.[1]

The Florida Supreme Court explained the nature of the interest that will permit intervention:

> The interest which will entitle a person to intervene . . . must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of the litigation.

Union Cent. Life Ins. Co. v. Carlisle, 593 So. 2d 505, 507 (Fla. 1992) (quoting Morgareidge v. Howey, 78 So. 14, 15 (Fla. 1918)). Importantly, and as the Carlisle court further explained:

> Once the trial court determines that the requisite interest exists, it must exercise its sound discretion to determine whether to permit intervention. In deciding this question the court should consider a number of factors, including the derivation of the interest, any pertinent

---

[1] A decision on a motion to intervene is generally reviewed for an abuse of discretion. See Fed. Nat'l Mortg. Ass'n v. JKM Svcs., LLC, 256 So. 3d 961 (Fla. 3d DCA 2018).

2

contractual language, the size of the interest, the potential for conflicts
or new issues, and any other relevant circumstances.

Id. at 507-08.

The record in this case would appear to establish the existence of a requisite interest and a valid basis for intervention.[2] In the instant case, however, we cannot know whether the trial court reached a contrary conclusion or whether it considered any of the above-described Carlisle factors, because the trial court did not conduct any hearing on the motion to intervene (or the motion for rehearing), and simply denied each in unelaborated orders.[3] We conclude that the failure to conduct a hearing, combined with the failure to articulate any findings in its order, requires reversal. See Farese v. Palm Beach Partners, Ltd., 781 So. 2d 419 (Fla. 4th DCA 2001) (reversing denial of motion to intervene where court failed to conduct an

---

[2] On its face, the motion and the existing record would appear to support intervention. However, we do not reach the merits of the trial court's determination, but instead reverse and remand for further proceedings on the motion for intervention as may be appropriate.

[3] After appellant filed her motion to intervene, the parties—pursuant to the trial court's order—coordinated a special-set, thirty-minute hearing date for the motion. However, on the day before the special set hearing was to be held, appellee filed his response to the motion to intervene. Two hours after appellee's response was filed, the trial court entered its order denying the motion to intervene and cancelled the hearing specially set for the following day. Appellant thereafter filed her motion for rehearing in which she raised the trial court's decision to cancel the hearing, and also replied to (and took issue with) several of the factual allegations appellee asserted and relied upon in his response as a basis for the trial court to deny the motion to intervene.

evidentiary hearing to determine movant's interest in the litigation); Ownby v. Citrus Cty., 13 So. 3d 136 (Fla. 5th DCA 2009) (reversing order denying intervention where intervention appeared to be appropriate, trial court gave no reason for denying intervention, and no valid reason was apparent on the existing record). Compare Charry v. Torres, 263 So. 3d 238 (Fla. 3d DCA 2019) (holding that although a hearing on the motion to intervene was held, because appellant failed to provide this court with a transcript, it could not determine whether the trial court abused its discretion in denying the motion).

Reversed and remanded for the trial court to articulate its findings in denying the motion or, as may be appropriate, to conduct a hearing on the motion.