DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LENA BAILEY,**
Appellant,

v.

**KENNETH BAILEY, CAROLYN BAILEY,** and
**BAILEY'S BOTANICAL ART, INC.** d/b/a **THE STALK MARKET,**
Appellees.

No. 4D19-3459

[January 27, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502019DR000013XXXX-NB.

Anthony M. Barbuto of Barbuto Law Firm, P.A., Wellington, for appellant.

Caryn A. Stevens and Gina M. Szapucki of Ward, Damon, Posner, Pheterson & Bleau, West Palm Beach, for appellee Carolyn Bailey.

Preston J. Fields, Sr., of Preston J. Fields, P.A., Palm Beach Gardens, for appellee Bailey's Botanical Art, Inc. d/b/a The Stalk Market.

KUNTZ, J.

Lena Bailey, the mother-in-law, appeals the circuit court's order denying her request to intervene in Kenneth and Carolyn Bailey's marital dissolution proceeding. We affirm in part and reverse in part. Because the mother-in-law alleged she jointly owned real property at issue in the dissolution proceeding, we reverse the portion of the circuit court's order denying her motion to intervene as to the real property.

### *Background*

Kenneth Bailey, the Husband, petitioned for dissolution of marriage from Carolyn Bailey, the Wife. The Husband also sought to equitably distribute a business—Bailey's Botanical Art, Inc. d/b/a The Stalk Market ("the Company")—that he claimed was marital property jointly owned by

him and the Wife. The Company was named an additional third-party respondent in the proceeding.

The Wife answered the petition and counter-petitioned for dissolution of marriage. She sought equitable distribution of the parties' marital assets and asserted two more claims for partition. First, the Wife sought to partition, divide, or sell a condo located in Volusia County, Florida, that she owned with the Husband as tenants by the entirety. Second, she sought to partition real property located in Wellington, Florida ("the Wellington Property"). The Wife joined the mother-in-law as an indispensable party, asserting the Husband, Wife, and mother-in-law held title to the Wellington Property as joint tenants with rights of survivorship. But the Wife later voluntarily dismissed both partition claims.

Nevertheless, the mother-in-law moved to intervene in the dissolution. At a hearing on the motion to intervene, the mother-in-law argued that she maintained a substantial financial interest in the dissolution proceeding. Specifically, the mother-in-law claimed that she was the Company's creditor as a result of money owed to her from an allegedly unfulfilled stock purchase agreement. In addition, the mother-in-law claimed that although the Husband and Wife held interests in the Wellington Property, the Wellington Property was really held in a constructive trust solely for her.

The court denied the mother-in-law's motion to intervene without elaboration.

### *Analysis*

A court engages in a two-step process to determine if intervention is proper:

> First, the trial court must determine that the interest asserted is appropriate to support intervention. (Citation omitted.) Once the trial court determines that the requisite interest exists, it must exercise its sound discretion to determine whether to permit intervention. In deciding this question the court should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for conflicts or new issues, and any other relevant circumstance.

> Second, the court must determine the parameters of the intervention[.] . . . Thus, intervention should be limited to the extent necessary to protect the interests of all parties.

*Farese v. Palm Beach Partners, Ltd.*, 781 So. 2d 419, 420–21 (Fla. 4th DCA 2001) (alteration and omission in original) (quoting *Union Cent. Life Ins. Co. v. Carlisle*, 593 So. 2d 505, 507–08 (Fla. 1992)). Although described as a two-step process, the first step itself can be broken into a two-part inquiry: (1) requisite interest, and (2) whether intervention should occur.

Here, the mother-in-law argues that she maintains an interest in the dissolution proceedings because she once owned a fifty-percent interest in the Company and because she holds an ownership interest in the Wellington Property.

We disagree with the mother-in-law that her former ownership interest in the Company is enough to permit intervention. Her interest in the Company primarily rests in her status as a founder and former owner. However, she acknowledges that she sold her interest in the Company. As such, her previous interest in the Company is not direct and immediate. *See Grimes v. Walton Cty.*, 591 So. 2d 1091, 1094 (Fla. 1st DCA 1992) ("We are unable to see any direct and immediate interest which the intervenors have in this action; nor would they stand to gain or lose by the direct legal operation and effect of the judgment in this action." (internal quotation marks omitted)); *see also Stefanos v. Rivera-Berrios*, 673 So. 2d 12, 13 (Fla. 1996) ("A showing of indirect, inconsequential or contingent interest is wholly inadequate.") (citation omitted).

But we do agree with the mother-in-law regarding her alleged partial ownership interest in the Wellington Property, which will be distributed in the dissolution proceeding. She allegedly owns the Wellington Property with the Husband and Wife as joint tenants with rights of survivorship.

The caselaw supports the mother-in-law's argument that she has an interest in the action. In *Salituri v. Salituri*, we reversed a judgment purporting to distribute property in a dissolution proceeding when the partial owner of the property was not a party. 184 So. 3d 1250, 1252 (Fla. 4th DCA 2016) (citation omitted). Similarly, in *Matajek v. Skowronska*, the Fifth District reversed a dissolution judgment because the former husband's son was not a named party and the court adjudicated his ownership interest in real property. 927 So. 2d 981, 985 (Fla. 5th DCA 2006).

3

Stated more directly, "[i]n [a] dissolution action, the trial court does not have jurisdiction to adjudicate property rights of nonparties." *Noormohamed v. Noormohamed*, 179 So. 3d 379, 380 (Fla. 5th DCA 2015) (second alteration in original) (quoting *Minsky v. Minsky*, 779 So. 2d 375, 377 (Fla. 2d DCA 2000)).

We agree with the mother-in-law that she alleged an interest in the Wellington Property at issue in the dissolution action. We also agree that intervention is appropriate. While the Wife correctly argues the court will only adjudicate the Wife's and Husband's respective 1/3 interest in the Wellington Property, that adjudication will likely impact the right of survivorship in the property held as joint tenants. *See, e.g., Crockett v. Crockett*, 708 So. 2d 329, 331 (Fla. 1st DCA 1998).

Because the distribution of the Wellington Property potentially impacts the mother-in-law's ownership interest, she should be permitted to intervene. Of course, the intervention must be limited to that specific ownership interest.

### *Conclusion*

We affirm in part and reverse in part. The circuit court's order denying intervention as to the property the mother-in-law owns as a joint tenant is reversed. The order is otherwise affirmed.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

MAY and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

4