DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

WAYNE ROSE,

Appellant,

v.

KATHERINE M. ROSE,

Appellee.

No. 2D2024-2406

_____

November 5, 2025

Appeal from the Circuit Court for Pinellas County; Thomas M.
Ramsberger, Judge.

David J. Kurland of Law Office of David J. Kurland, Clearwater, for
Appellant.

Blair H. Chan, III, of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill &
Mullis, P.A., Tampa, for Appellee.

BLACK, Judge.

Wayne Rose, the former husband, appeals from the final judgment
dissolving his marriage to Katherine M. Rose, the former wife. We
reverse the final judgment insofar as it was error to distribute one-half of
the value of the former husband's nonmarital business to the former wife

and to include in the distribution scheme a dissipated $30,000. We affirm in all other respects.

With respect to the former husband's business, the trial court found that the former husband's interest in Rose Building Contractors, LLC, is a nonmarital asset and that the business will remain the former husband's sole separate property. However, the trial court also found that "the [former husband] regularly used the business financial accounts to pay his and [the former wife's] personal expenses" such that "a portion of the value of the business lost its separate and non-marital character" and required the former husband to pay to the former wife one-half of the value of the business as part of the equitable distribution scheme.

The former husband contends that the trial court erred in distributing one-half of the value of the nonmarital business. We agree. As this court has previously held, "Using some portion of non-marital funds to pay marital expenses does not convert the remaining non-marital funds into a marital asset." *Grieco v. Grieco*, 917 So. 2d 1052, 1054-55 (Fla. 2d DCA 2006) (quoting *Lakin v. Lakin*, 901 So. 2d 186, 191 (Fla. 4th DCA 2005)); *accord Hamilton v. Hamilton*, 758 So. 2d 1213, 1214 (Fla. 4th DCA 2000) ("The husband's use of some of the [nonmarital] money to pay marital bills does not convert the funds remaining in the separately titled bank account into a marital asset."). Here, there was no evidence of comingling. *Cf. Rogers v. Rogers*, 351 So. 3d 1230, 1232 (Fla. 2d DCA 2022) (concluding that nonmarital funds deposited into joint bank account and then used to buy a boat, where

2

joint bank account was used to pay marital bills, rendered the funds marital such that the boat was also marital).[1]

With regard to $30,000 in cash kept in the marital home, the trial court found: "This money is marital property. No documentary evidence was presented to support the [former husband's] claim that any of these funds were spent on the home reconstruction." The trial court did not find that the cash remained in the home; rather, the trial court found that it had been dissipated and placed the burden on the former husband to establish how the money had been spent.

> Generally, "it is error to include assets in an equitable distribution scheme that have been diminished or dissipated during the dissolution proceedings." To include a dissipated asset in the equitable distribution scheme, the evidence must establish that a party engaged in intentional misconduct that resulted in the dissipation of the marital asset. "Without evidence and a specific finding of misconduct, the trial court abuses its discretion in including a dissipated asset in the equitable distribution scheme."

*Roth v. Roth*, 312 So. 3d 1021, 1026 (Fla. 2d DCA 2021) (quoting and citing *Tradler v. Tradler*, 100 So. 3d 735, 740-41 (Fla. 2d DCA 2012)). "If there is uncontradicted evidence in the record that the dissipated funds were used to pay marital expenses during the dissolution proceedings and if there is no evidence of misconduct, then it is an abuse of

---

[1] The former wife's reliance on this court's decision in *Capote v. Capote*, 117 So. 3d 1153 (Fla. 2d DCA 2013), is misplaced. In *Capote*, this court found no error in the trial court's determination that the business in that case was a marital property. *Id.* at 1155. The statement that "[t]he trial court ruled that any nonmarital portion of the business value lost its separate nonmarital character because the former husband consistently used the business operating account to pay the family's personal expenses" is dicta; this court concluded that the trial court correctly determined that the business was a marital property. *See id.*

discretion to include the dissipated funds in the equitable distribution scheme." *Bair v. Bair*, 214 So. 3d 750, 759 (Fla. 2d DCA 2017) (citing *Roth v. Roth*, 973 So. 2d 580, 586 (Fla. 2d DCA 2008)). Here, there was no evidence that the former husband's use of the funds constituted misconduct, and the trial court made no such finding.

The trial court erred in distributing one-half of the value of the former husband's nonmarital business to the former wife. It also abused its discretion in including in the distribution scheme the $30,000 that had been dissipated during the dissolution proceedings where there was no evidence of misconduct. The final judgment of dissolution is reversed insofar as the distribution of those two assets; it is otherwise affirmed.

Affirmed in part; reversed in part; remanded.

LUCAS, C.J., and LABRIT, J., Concur.

_____

Opinion subject to revision prior to official publication.