PER CURIAM.
There are four issues raised in this appeal. Appellant Allison Blossman raises three issues on appeal, and appellee/cross appellant Christopher Blossman raises one issue on cross-appeal. Three of the four issues are being affirmed without further comment, as only one of these issues merits discussion.
The appellant argues there is no competent, substantial evidence to support the valuation of the Abita stock at issue in this case at $221.77 per share. Each party’s expert used a different method to calculate per share value of the Abita stock. Appellant’s expert utilized an “income cash flow” method and testified that at the time the petition was filed voting shares were worth $342.62 each and non-voting shares were worth $328.87 each. Appellee’s expert applied a “historical cash flow” method and calculated the value at the time the petition was filed at $106.52 per share.
In setting the value at $221.77 per share, it appears as though the trial court split the difference between the two valuations. Florida law prohibits this type of valuation. See Spillert v. Spillert, 564 So.2d *879 1146 (Fla. 1st DCA 1990). The Court offered no findings or explanation of how it arrived at the value of $221.77 per share. Therefore the valuation is not supported by competent, substantial evidence and must be reversed and remanded to allow the trial court to make a finding based on competent, substantial evidence. Despite appellee’s argument to the contrary, this valuation is not harmless error, because the trial court used the $221.77 figure to value 62 marital shares of Abita stock.
AFFIRMED in part, REVERSED in part, and REMANDED.
VAN NORTWICK and ROBERTS, JJ., and DEMPSEY, ANGELA C., Associate Judge, concur.