PER CURIAM.
Patricia Williams appeals from the Final Judgment of Dissolution of Marriage equitably dividing the parties’ property. We reverse in part and affirm in part.
It is unclear from the Final Judgment how the trial court reached the figure of $376,086 in valuing the parties’ art collection. This dollar amount does not align with either figure offered by the parties’ respective expert witnesses who appraised *606 the collection. The value the trial court placed on the collection is nearly $100,000 below the $470,107 appraisal by the former husband’s expert witness and is more than $300,000 below the $688,550 appraisal by the former wife’s expert.
Because the Final Judgment contains no specific findings as to the value of the collection, other than the total amount itself, it is impossible to determine how the trial court reached the value it placed on the collection, or whether the value is supported by competent substantial evidence. Further, the Final Judgment expressly indicates that the valuation does not include the pieces housed in Florida, but encompasses only those in New Mexico. Therefore, we must reverse and remand for the trial court to explain how it reached the value it placed on the collection and to set forth a value as to the pieces housed in Florida. See Blossman v. Blossman, 92 So.3d 878, 879 (Fla. 1st DCA 2012); Wendroff v. Wendroff, 614 So.2d 590 (Fla. 1st DCA 1993); Augoshe v. Lehman, 962 So.2d 398, 402-03 (Fla. 2d DCA 2007).
Competent substantial evidence supported the trial court’s finding that the family business and its assets constituted a marital contingent asset that could not be accurately valued at the time of the Final Judgment. However, as to the equalization payment the court awarded to the wife, the Final Judgment does not indicate how the trial court reached the figure of $195,507 for this payment. The Judgment states only that the figure included the Social Security checks, the withdrawal from the joint bank account, and the FEMA payment. These items do not total the amount of the equalization payment, and there are no findings or explanation in the Final Judgment as to how the court reached the amount of the equalization payment.
A trial court must support any distribution of marital assets or liabilities with factual findings in the judgment, based on competent substantial evidence, with reference to the statutory factors. See § 61.075(3), Fla. Stat.; Winney v. Winney, 979 So.2d 396 (Fla. 1st DCA 2008); Nicewonder v. Nicewonder, 602 So.2d 1354 (Fla. 1st DCA 1992). It must make specific written findings of fact identifying marital assets and individually valuing significant assets. See § 61.075(3)(b), Fla. Stat.; Bateh v. Bateh, 98 So.3d 750, 753 (Fla. 1st DCA 2012); Wendroff v. Wendroff, 614 So.2d 590, 593-94 (Fla. 1st DCA 1993). The lack of any such findings in the Final Judgment here makes meaningful appellate review of the equalization payment impossible.
For these reasons we remand the case to the trial court to make specific written findings as to the amount the former husband owed the former wife on the FEMA payment, and to explain how it arrived at the total amount of the equalization payment. The court shall explain in writing its method of calculating the amount of the equalization payment, with reference to the factors set forth in section 61.075, Florida Statutes. Also on remand, the trial court shall set forth specific findings as to the value of the art collection, including the two sculptures in Florida, along with the evidence on which the court relied in reaching its valuation. In all other respects, the Final Judgment is affirmed.
Affirmed in part, reversed in part, and remanded.
VAN NORTWICK, PADOVANO, and ROWE, JJ., concur.