DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHELLE TUCKER,**
Appellant,

v.

**LEONARD TUCKER,**
Appellee.

No. 4D14-4423

[July 22, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Merrilee Ehrlich, Judge; L.T. Case No. FMCE 10-011803 40/91.

Theresa Yuricic of Yuricic Law Firm, Delray Beach, for appellant.

Leonard Tucker, Boca Raton, pro se.

GERBER, J.

The former wife appeals from a non-final order valuing stock shares which the former husband was directed to transfer to her. The former wife argues that the court did not possess competent, substantial evidence to value the stock. We agree with the former wife's argument and reverse.

The former wife filed a motion for contempt alleging that the former husband failed to pay alimony arrearages. The former wife sought to obtain the former husband's stock shares to satisfy the arrearages.

The circuit court held an evidentiary hearing to determine the shares' value. The former wife's expert witness, on direct examination, opined that the stock's value was one cent per share. Before the former wife's expert could complete cross-examination and possible re-direct examination, the hearing time ended. The court scheduled a second hearing.

At the second hearing, both sides' experts were present. The former husband's attorney began the hearing by stating the former husband was claiming the stock's value was four cents per share. The court then stated the following finding of fact without hearing from the parties' experts:

> [W]ife says that the value is [one cent] and husband says it's [four cents]. . . . I am finding that the value of the . . . stock is 2.5 cents each.

The former wife moved for reconsideration. The former wife argued that the court erred in not hearing the parties' full evidence regarding the stock's value, and in averaging the one cent and four cents values to arrive at the 2.5 cents value. The former husband conceded that the former wife's arguments were correct as a matter of law.

The court did not rule on the former wife's motion for reconsideration. Instead, the court entered an order on the former wife's motion for contempt, which order states, in pertinent part:

> With regard to the valuation of the . . . stock, the Court finds the value is 2.5 cents. The former wife presented expert testimony that the value of the . . . stock was one cent. *Former husband had an expert witness of valuation of the stock of the parties in court prepared to testify. The Court asked what his testimony would be and was informed that his opinion was that the . . . stock had a value of 4 cents per share. The Court declined to hear his testimony and announced its conclusion that the value of the . . . shares was 2.5 cents per share.*

(emphasis added).

The former wife filed a motion for rehearing repeating the same arguments included in her motion for reconsideration. The court denied the motion for rehearing.

This appeal followed. The former wife argues that the court did not possess competent, substantial evidence to value the stock because the court determined the stock's value before the former wife finished presenting her evidence and without hearing the former husband's evidence. The former wife also argues that the court erred in averaging the one cent and four cents values to arrive at the 2.5 cents value.

We agree with the former wife's arguments. "A trial court's property valuation must be supported by competent, substantial evidence." *Garcia v. Garcia,* 25 So. 3d 687, 689 (Fla. 4th DCA 2010). Here, the court's stock valuation was not supported by competent, substantial evidence because of three errors.

2

First, the court erred in determining the stock's value before the former wife finished presenting her evidence. *See Garcell v. Garcell*, 151 So. 3d 46, 47 (Fla. 4th DCA 2014) ("[A]ppellant was never given a full opportunity to present her case to the court prior to the entry of the final order. . . . [B]y entering the final order before appellant had an opportunity to be heard, the trial court deprived her of the due process guaranteed by the Florida Constitution.") (citation omitted).

Second, the court erred in determining the stock's value without hearing the former husband's evidence but instead relying on the former husband's attorney's unsworn statement. *See Rosa-Hernandez v. Hernandez*, 979 So. 2d 1194, 1196 (Fla. 4th DCA 2008) ("[F]acts are not established for consideration by the trial court or by appellate review when attorneys make representations in their arguments before the trial court. Facts are established by testimony, affidavits and stipulations. It is of no moment in establishing facts that attorneys are 'officers of the court.'") (citation omitted).

Third, the court erred in determining the stock's value because the court, without providing a factual explanation, appears to have split the difference between the parties' respective values of one cent and four cents to arrive at the 2.5 cents value. *See Blossman v. Blossman*, 92 So. 3d 878, 878-79 (Fla. 1st DCA 2012) ("In setting the [stock's] value . . . , it appears as though the trial court split the difference between the two valuations. Florida law prohibits this type of valuation. The Court offered no findings or explanation of how it arrived at the value . . . . Therefore the valuation is not supported by competent, substantial evidence and must be reversed and remanded to allow the trial court to make a finding based on competent, substantial evidence.") (internal citation omitted).

Based on the foregoing, we reverse the order on the former wife's motion for contempt only to the extent the court concluded without competent, substantial evidence that the stock's value was 2.5 cents per share. We remand for the court to resume and complete the evidentiary hearing in a manner consistent with this opinion.

*Reversed and remanded for proceedings consistent with this opinion.*

STEVENSON and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**