IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MONTIELAL RAMPHAL, BALDWIN
OFFICE PARK, LLC, and FROILAN
BARINAS,

      Appellants,

 v.

Case Nos.  5D16-725
and 5D16-726

TD BANK NATIONAL ASSOCIATION,
A NATIONAL BANKING ASSOCIATION,
AS SUCCESSOR-IN-INTEREST TO
AMERICANFIRST BANK BY ASSET
ACQUISITION FROM THE FEDERAL
DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR AMERICANFIRST BANK,

      Appellee.
_____/

Opinion filed December 22, 2016

Appeal from the Circuit Court
for Orange County,
Alice Blackwell, Judge.

Gus R. Benitez, of Benitez Law Group, P.L.,
Orlando, and Nick Asma, of Asma & Asma,
P.A., Winter Garden, for Appellants.

Maureen A. Pateman, Kristie Hatcher-Bolin
and John M. Brennan, Jr., of
GrayRobinson, P.A., Orlando, for Appellee.


LAMBERT, J.

      In these consolidated appeals, Montielal Ramphal, Baldwin Office Park, LLC, and

Froilan Barinas (collectively "Appellants") challenge the final deficiency judgment entered

in favor of TD Bank ("Appellee").  Because we find that the trial court erred in concluding that it was constrained to select either the opinion of one party's expert witness or the conflicting opinion of the other party's expert witness when determining the fair market value of the foreclosed property, we reverse.

Following the entry of an amended consent final judgment of foreclosure in its favor in the amount of $1,635,689.18, Appellee purchased the mortgaged property at the foreclosure sale for a nominal sum.  Appellee then filed a motion for a final deficiency judgment, asserting that the property's fair market value as of the foreclosure sale date was less than the amount of the indebtedness determined in the amended final judgment of foreclosure.  *See Morgan v. Kelly*, 642 So. 2d 1117, 1117 (Fla. 3d DCA 1994) (explaining that "the correct formula to calculate a deficiency judgment is the total debt, as secured by the final judgment of foreclosure, minus the fair market value of the property, as determined by the court" (citations omitted)); *Symon v. Charleston Capital Corp.*, 242 So. 2d 765, 768 (Fla. 4th DCA 1970) (holding that the date of the foreclosure sale is the date at which the fair market value is determined).

At the evidentiary hearing on the motion, Appellee presented testimony from its expert witness that the fair market value of the property at the time of the sale was $890,000.  In response, Appellants' expert testified that the property's value at that time was $1.63 million dollars.  Faced with conflicting expert opinions, the trial court, as the finder of fact in this case, was free to determine the reliability and credibility of these competing opinions and to weigh them as the court saw fit.  *Dep't of Agric. & Consumer Servs. v. Bogorff*, 35 So. 3d 84, 88 (Fla. 4th DCA 2010) (citing *Easkold v. Rhodes*, 614 So. 2d 495, 498 (Fla. 1993) (additional citation omitted)).

After closing arguments, the court began doing just that. First, it questioned whether Appellee's expert had failed to properly account for the complete square footage of the property and had used an improper capitalization rate in formulating his opinion, thus causing the expert's opinion of value to be too low. Conversely, the court viewed the comparable sales utilized by Appellants' expert in reaching his opinion as being not sufficiently comparable to the foreclosed property, leading the court to believe that Appellant's expert had valued the property too high. The court then questioned what discretion it had under these circumstances in determining fair market value. It indicated that, in its view, present "case law" dictated that it must now choose one of the two fair market values submitted by the experts as being the fair market value of the property. The court expressed the following frustration with this restriction:

> [T]here's an injustice done. There's an injustice done if the court picks [Appellee's expert] because the [Appellants] are going to pay, by way of a deficiency, more than they ought to. If I pick [Appellants' expert], I think that there's—there is an injustice done, because . . . there is an inflated value attached to that appraisal that does away with any deficiency, which I don't think is what's right either.

In the written final judgment, the court reiterated that it believed that it had no discretion to determine the value of the subject real property "outside the parameters of the appraisers" and, thus, was limited to choosing between either Appellants' expert or Appellee's expert. It determined the fair market value of the property to be that opined by Appellee's expert and entered deficiency judgment accordingly because "[Appellee's expert] came closer to getting it right than [Appellants'] expert."

On appeal, Appellants argue that the court erred in concluding that it had no discretion other than to pick one of the two expert opinions in determining the fair market value of the property. Under the circumstances of this case, we agree.

3

We first observe that "[a] trial court's property valuation must be supported by competent, substantial evidence." *Tucker v. Tucker*, 171 So. 3d 158, 159 (Fla. 4th DCA 2015) (quoting *Garcia v. Garcia*, 25 So. 3d 687, 689 (Fla. 4th DCA 2010)). Moreover, a trial court is precluded from simply "splitting the difference" between the two evaluations of the experts, without providing factual findings or an explanation for its value, because under such circumstances the valuation would not have been supported by competent substantial evidence. *Blossman v. Blossman*, 92 So. 3d 878, 878–79 (Fla. 1st DCA 2012) (citing *Spillert v. Spillert*, 564 So. 2d 1146 (Fla. 1st DCA 1990)).

In the present case, the trial court was apparently convinced that if it determined a fair market value somewhere between the values opined by the experts, it would be improperly "splitting the difference." While we appreciate the trial court's concern, we nevertheless hold that a trial court is not limited to simply selecting the opinion of one qualified expert over the other in determining the fair market value of property, and we conclude that it has the discretion to find a different value than that provided by either expert, *if* the trial court provides an articulable, factual basis for doing so that is supported by competent substantial evidence contained in the record. *See Peoples Fed. Sav. & Loan Ass'n of Tarentum, Pa. v. Shoreline Garden Townhomes, II, Ltd.*, 538 So. 2d 864 (Fla. 1st DCA 1988) (finding that for purposes of computing a deficiency judgment, there was no abuse of discretion in finding that the fair market value of foreclosed property lay between the valuations of the two appraisers, based upon the evidence contained in the record).

Accordingly, because it is clear that the trial court would have attributed a different fair market value to the property if it believed that it had the discretion and authority to do so, we reverse the final deficiency judgment and remand for further consideration by the

4

court consistent with this opinion. The court may take additional evidence as it deems necessary.

REVERSED and REMANDED.

PALMER and TORPY, JJ., concur.