# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D18-3582
1D18-3789

_____

THOMAS NEIGHBORS, Father,

Appellant,

v.

KIMBERLY NEIGHBORS, Mother,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Charles A. Francis and J. Lee Marsh, Judges.

October 24, 2019

PER CURIAM.

Appellant challenges both the trial court's order enforcing the parties' marital settlement agreement and the trial court's order granting appellee attorney's fees. We agree with appellant's argument that several of the trial court's factual findings were unsupported by competent, substantial evidence and reverse accordingly.

The parties were formerly married with two minor children and, as part of their divorce in 2015, entered into a marital settlement agreement (MSA) that governs the relationship between the parties. The MSA unequivocally states that all medical expenses for the minor children not covered by appellant's

insurance are to be split between the parties equally, but if either party utilizes a "non-approved provider" for medical care with respect to one of the parties' minor children, then that party is solely responsible for any resulting expenses unless the other party has provided written consent for the treatment.

The parties' daughter suffered from a serious medical malady and, almost immediately after the divorce, appellee chose to take her to the Sponaugle clinic, a medical provider that explicitly informed appellee it was a non-participating provider. The parties' daughter recovered after receiving treatment at the Sponaugle clinic for an extended period of time and accumulated a bill of over $60,000. Appellee's family paid the bill up front but did recover some of the expenses from appellant's insurance company after the treatment was completed.

Appellee filed an action seeking to enforce the MSA and recover half of the Sponaugle expenses from appellant. The trial court ruled in appellee's favor and found that the Sponaugle clinic was not a "non-approved provider" because appellant's insurance company reimbursed some of the expenses and, even if the Sponaugle clinic was not an approved provider, appellant consented to the daughter's treatment there.

We review a trial court's factual findings to determine if they are supported by competent, substantial evidence. *See Blossman v. Blossman*, 92 So. 3d 878, 878 (Fla. 1st DCA 2012).

Here, neither of the trial court's findings is supported by any evidence in the record. In the health insurance field, insurance providers and HMOs routinely cover certain costs insured persons accrue from "non-network providers" after the treatment has been completed and the insured has fronted the cost for the treatment. There was no evidence that appellant's health insurance treated the Sponaugle as an approved provider. Nor was there any evidence that appellant consented *in writing* to his daughter's treatment at the Sponaugle clinic as required by the terms of the MSA.

Accordingly, the trial court erred in ordering appellant to pay half of the Sponaugle medical expenses.

As a direct result of our decision, we are also required to reverse the trial court's order awarding appellee attorney's fees. The MSA contains a provision that entitles the prevailing party in any dispute to reasonable attorney's fees and costs. Since appellee is no longer the prevailing party, she is not entitled to an award of fees.

The trial court's orders are therefore REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

KELSEY, WINOKUR, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Christi Gray of Gray Law, Tallahassee, for Appellant.

Jennifer L. Sweeting and Jerry L. Rumph, Jr. of Sweeting & Rumph, P.A., and Richard K. Vann, Jr. of Langley & Bromberg LLC, Birmingham, Alabama, for Appellee.

3